# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2011AP2868-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| | Plaintiff-Respondent-Petitioner, |
| | v. |
| | Clayton W. Williams, |
| | Defendant-Appellant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
350 Wis. 2d 311, 833 N.W.2d 846
(Ct. App. 2013 – Published)
PDC No: 2013 WI App 74

| | |
|---|---|
| OPINION FILED: | July 15, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | February 5, 2014 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Monroe |
| JUDGE: | J. David Rice. |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | ABRAHAMSON, C.J., BRADLEY, J., concur. (Opinion filed.) |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the petitioner-respondent-petitioner, the cause was argued by *Maura FJ Whelan*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the defendant-appellant, there was a brief by *Steven D. Grunder*, assistant state public defender, and oral argument by *Steven D. Grunder*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2011AP2868-CR
(L.C. No. 2010CF278)

STATE OF WISCONSIN      :      IN SUPREME COURT

**State of Wisconsin,**

    **Plaintiff-Respondent-Petitioner,**

  **v.**

**Clayton W. Williams,**

    **Defendant-Appellant.**

**FILED**

**JUL 15, 2014**

Diane M. Fremgen
Clerk of Supreme Court

---

REVIEW of a decision of the Court of Appeals. *Reversed.*

¶1   DAVID T. PROSSER, J.    This is a review of a published decision of the court of appeals, reversing a decision of the Monroe County Circuit Court, J. David Rice, Judge.

¶2    The case requires the court to interpret Wis. Stat. § 346.65(2)(am)6. (2009-10)[1]——the penalty statute for operating a motor vehicle while intoxicated (OWI) as the seventh, eighth, or ninth offense. The meaning of one key sentence in the statute

---

[1] All subsequent references to the Wisconsin Statutes are to the 2009-10 version unless otherwise indicated.

is in dispute, namely: "The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 3 years."  Wis. Stat. § 346.65(2)(am)6.

¶3    The parties agree that if a court orders a bifurcated sentence[2] under § 346.65(2)(am)6., the court must impose a mandatory minimum period of initial confinement of three years. Thus, the question before us is whether § 346.65(2)(am)6. requires a sentencing court to impose a bifurcated sentence.

¶4    The underlying OWI incident occurred in September 2010 in Monroe County in western Wisconsin.  Responding to a tip that Clayton W. Williams (Williams) was driving while intoxicated, a Monroe County deputy sheriff observed Williams driving erratically and pulled him over.  Williams was charged with several offenses, but he pled guilty to his seventh OWI offense and to possessing open intoxicants in a motor vehicle.  At sentencing, Williams asked the circuit court to place him on probation.  The court responded that Wis. Stat. § 346.65(2)(am)6. required imposition of a bifurcated sentence with at least three years of initial confinement, and this was the confinement the court imposed.

¶5   The court of appeals reversed, concluding that § 346.65(2)(am)6. does not require a court to impose a

_____

[2] "A bifurcated sentence is a sentence that consists of a term of confinement in prison followed by a term of extended supervision under s. 302.113."  Wis. Stat. § 973.01(2).  When a court orders a bifurcated sentence, "The portion of the bifurcated sentence that imposes a term of confinement in prison may not be less than one year . . . ."  Id., § 973.01(2)(b).

2

bifurcated sentence for a seventh offense OWI. State v. Williams, 2013 WI App 74, ¶¶1, 12, 350 Wis. 2d 311, 833 N.W.2d 846. Consequently, the court of appeals remanded the case for resentencing. Id., ¶16.

¶6 We conclude that Wis. Stat. § 346.65(2)(am)6. requires sentencing courts to impose a bifurcated sentence with at least three years of initial confinement for a seventh, eighth, or ninth OWI offense. In reaching this conclusion, we note that although the statutory history, context, structure, and contextually manifest purposes of § 346.65(2)(am)6. suggest that it imposes a mandatory minimum period of initial confinement, the statute is ambiguous. Well-informed people may reasonably disagree as to whether § 346.65(2)(am)6. requires a court to impose a bifurcated sentence or whether probation is permitted and a bifurcated sentence is merely an option. The legislative history resolves the ambiguity and contains several clear statements that § 346.65(2)(am)6. requires courts to impose a bifurcated sentence with a mandatory minimum period of initial confinement. Therefore, we reverse the court of appeals.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

¶7 According to the criminal complaint, on September 10, 2010, in early evening, Deputy Jesse Murphy (Deputy Murphy) of the Monroe County Sheriff's Department responded to a traffic tip. Michelle Deford (Deford) had called dispatch to report that Williams had been drinking in her yard and that he was driving while intoxicated. After responding to the call, Deputy

Murphy saw Williams' truck accelerate rapidly and twice swerve left of the center line. He also noticed that one of Williams' brake lights was out as Williams slowed to make a right turn onto a dirt road. Deputy Murphy activated his emergency lights and siren and observed Williams fishtail, possibly due to rapid acceleration on the dirt road.

¶8 Williams pulled over and struggled to keep his balance after getting out of his truck. When asked if he knew why he had been stopped, Williams said, "no sir." Williams admitted that he had consumed four or five beers, and Deputy Murphy observed that Williams' speech was slurred and that he was leaning on the truck to keep his balance. Williams agreed to attempt field sobriety tests, which he did not complete successfully. A preliminary breath test revealed a sufficient alcohol concentration to warrant an additional test, and the subsequent blood draw indicated a blood alcohol concentration of .248 g/100 mL.

¶9 On September 13, 2010, the State filed a complaint charging Williams with his seventh OWI offense contrary to Wis. Stat. § 346.63(1)(a) (Count 1), operating a motor vehicle after revocation contrary to Wis. Stat. § 343.44(1)(b) (Count 2), possessing open intoxicants in a motor vehicle contrary to Wis. Stat. § 346.935(2) (Count 3), operating left of the center line contrary to Wis. Stat. § 346.05(1) (Count 4), non-registration of a vehicle contrary to Wis. Stat. § 341.04(1) (Count 5), and improper display of license plates contrary to Wis. Stat.

4

§ 341.15(3) (Count 6).  On September 28, 2010, the State filed an amended complaint to add a charge for operating a motor vehicle with a prohibited alcohol concentration contrary to Wis. Stat. § 346.63(1)(b) (Count 7) and to include alcohol fine sentence enhancers for Counts 1 and 7.[3]  The State filed an information on October 6, 2010, which contained the same seven counts as the amended complaint.

¶10  On April 7, 2011, Williams pled guilty to Counts 1 and 3.  The plea agreement stated that the district attorney would request a bifurcated sentence of six years with three years of initial confinement and three years of extended supervision, but Williams was free to argue for different sentencing.[4]  The circuit court accepted the guilty pleas and found Williams guilty of Counts 1 and 3.  The court dismissed all other counts, but the parties agreed that Count 2 could be read in for sentencing.

¶11  At the sentencing hearing on May 17, 2011, the State contended that Wis. Stat. § 346.65(2)(am)6. requires the court

---

[3] Wisconsin Stat. § 346.65(2)(g)2. reads, "If a person convicted had an alcohol concentration of 0.20 to 0.249, the applicable minimum and maximum fines under par. (am)3. to 5. are tripled."

[4] The plea agreement said, "I understand that the judge must impose the mandatory minimum penalty if any.  The mandatory minimum penalty I face upon conviction is: 24 month [driver's license] revocation."  However, at the plea hearing, the court asked Williams, "[I] believe that statute requires me to order a minimum term of confinement in the state prison for three years; do you understand that?"  Williams responded, "Yes, sir."

to impose a bifurcated sentence with at least three years of initial confinement for Count 1. Williams argued that a plain reading of the statute does not require that the court impose a bifurcated sentence, and he requested that the court either withhold sentence and place him on probation or stay any imposed prison sentence. To support his request for probation, Williams suggested that his situation was unique inasmuch as his last OWI conviction was in 1998——roughly 12 years prior to his seventh OWI. The State acknowledged the gap in OWI convictions but pointed out that Williams had other criminal convictions during those 12 years.

¶12 Ultimately, the circuit court agreed with the State that the statute requires the court to impose a bifurcated sentence with at least three years of initial confinement. However, the court recognized Williams' unusual situation when it said, "I think that there probably aren't very many members of the general public who would hear about a seventh offense OWI case and think that [it] was appropriate for probation. I think if there ever was one, you might be the person, Mr. Williams." The court went on to discuss Wis. Stat. § 346.65(2)(am)6. and noted, "The language does not say that the court must impose a bifurcated sentence, but it says that . . . the confinement portion of a bifurcated sentence shall be not less than three years." The court determined that the statute is ambiguous because "there is a shall in there for the confinement portion, but there's no shall that says I have to impose a bifurcated

6

sentence, to me that makes the statute ambiguous . . . ."[5] (Emphasis added.)

¶13 Turning to the legislative history, the court determined that a memo from the Wisconsin Legislative Council on the senate bill that created Wis. Stat. § 346.65(2)(am)6. evinced the legislature's intent to require courts to impose a bifurcated sentence with at least three years of initial confinement. Based on its interpretation of the statute, the court imposed a bifurcated sentence of three years of initial confinement and three years of extended supervision for Count 1. Although the court agreed with the State's interpretation, it did explain:

> [I]t's hard for me to say what I would otherwise have done if I hadn't thought that the law required me to do this. As I've said, you're as good a candidate for probation probably as I would see; at the same time it is your seventh offense and I can't just ignore that, either.

---

[5] The assistant district attorney also mentioned the statute's lack of clarity when he said, "I think it was [the legislature's] intention that minimum prison was necessary and I think that the statute is poorly written in that regard and it is my hope that it is modified to be more clear." During the writing of this opinion, Governor Walker signed 2013 A.B. 180, which amends Wis. Stat. § 346.65(2)(am)6. See 2013 Wis. Act 224, § 4. The new law reads, "The court shall impose a bifurcated sentence under s. 973.01 and the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years." Id. Thus, the current version of Wis. Stat. § 346.65(2)(am)6. unequivocally requires courts to impose a bifurcated sentence with a minimum period of initial confinement. 2013 Wis. Act 224 took effect on April 10, 2014. Id.

But given all the circumstances, I think that the legislature has made the decision that that is the minimum term of confinement, I think that is an appropriate term of confinement for you.

¶14 Judgments of conviction were filed on May 18, 2011. On appeal, Williams argued that the circuit court was mistaken in believing that Wis. Stat. § 346.65(2)(am)6. imposes a mandatory minimum period of initial confinement. Williams, 350 Wis. 2d 311, ¶1. The court of appeals agreed and reversed the circuit court. Id. In contrast to the circuit court, the court of appeals concluded that Wis. Stat. § 346.65(2)(am)6. is plain and unambiguous and does not require a court to impose a bifurcated sentence. Id., ¶¶12-14. Therefore, the court reversed the circuit court and remanded the case for resentencing. Id., ¶16. The dissent, however, determined that § 346.65(2)(am)6. is ambiguous and that the legislative history demonstrates that the statute requires the sentencing court to impose a bifurcated sentence with at least three years of initial confinement. Id., ¶19 (Blanchard, J., dissenting).

¶15 The State petitioned this court for review, which we granted on November 21, 2013.

## II. STANDARD OF REVIEW

¶16 This case requires an interpretation of Wis. Stat. § 346.65(2)(am)6. Statutory interpretation presents a question of law that we review de novo, although we benefit from the analyses of the circuit court and the court of appeals. State v. Henley, 2010 WI 97, ¶29, 328 Wis. 2d 544, 787 N.W.2d 350;

8

State v. Quintana, 2008 WI 33, ¶11, 308 Wis. 2d 615, 748 N.W.2d 447.

### III. DISCUSSION

¶17 The analytical framework for statutory interpretation is well-established. First, we look to the statute's language, and if the meaning is plain, the inquiry typically ends there. State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." Id. (citations omitted). In determining a statute's plain meaning, the scope, context, structure, and purpose are important. See id., ¶¶45-46, 49. "A statute's purpose . . . may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes——that is, from its context or the structure of the statute as a coherent whole." Id., ¶49. As a result, "a plain-meaning interpretation cannot contravene a textually or contextually manifest statutory purpose." Id. (footnote omitted). Thus, this court considers "surrounding or closely-related statutes" to reach a sound interpretation and "to avoid absurd or unreasonable results." Id., ¶46 (citations

omitted).  A reviewing court may consider the statutory history[6] as part of the context analysis.  Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581.

¶18 Although reviewing courts must begin with the statutory language, they sometimes consider it appropriate to turn to extrinsic sources.  For example, even if the statute is plain, the court may consider legislative history to confirm the plain-meaning interpretation.  Teschendorf v. State Farm Ins. Cos., 2006 WI 89, ¶14, 293 Wis. 2d 123, 717 N.W.2d 258.  There also may be times when statutory interpretation leads a court to conclude that the statute's meaning is plain but that plain meaning would produce an absurd result.  On those few occasions, the court may consult legislative history to resolve the absurdity.  Id., ¶15.

¶19 Finally, and most important, if the interpreting court concludes that the statute is ambiguous, the court may consider extrinsic sources such as legislative history to discern the meaning of the statute.  Kalal, 271 Wis. 2d 633, ¶51.  "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses."  Id., ¶47 (citations omitted).  In other words, ambiguity exists when

---

[6] "Statutory history encompasses the previously enacted and repealed provisions of a statute.  By analyzing the changes the legislature has made over the course of several years, we may be assisted in arriving at the meaning of a statute."  Richards v. Badger Mut. Ins. Co., 2008 WI 52, ¶22, 309 Wis. 2d 541, 749 N.W.2d 581 (citation omitted).

"well-informed persons should have become confused, that is, whether the statutory . . . language reasonably gives rise to different meanings." Id. (ellipsis in original) (quoting Bruno v. Milwaukee Cnty., 2003 WI 28, ¶21, 260 Wis. 2d 633, 660 N.W.2d 656) (internal quotation marks omitted).

¶20 As we conduct our analysis, we must keep in mind that "the purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." Id., ¶44. Having laid out the familiar tenets of statutory interpretation, we turn now to apply them to Wis. Stat. § 346.65(2)(am)6.

## A. The Language of the Statute

¶21 The language in Wis. Stat. § 346.65(2)(am)6. at issue reads as follows: "The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 3 years." Wis. Stat. § 346.65(2)(am)6. Looking at this language in isolation, it is not clear whether it requires a court to impose a bifurcated sentence or whether it merely gives the court that option. A statute that clearly gave the court the option to impose a bifurcated sentence might say, "If the court imposes a bifurcated sentence on the person under s. 973.01, the confinement portion shall be not less than three years." Conversely, a statute that clearly imposed a mandatory minimum sentence might say, "The court shall impose a bifurcated sentence under s. 973.01, and the term of initial confinement shall be not less than three years." Because the language of the statute is somewhere between these clear alternatives, the

11

language itself does not reveal a plain meaning.  We consider the statutory history, context, structure, and contextually manifest purposes in an attempt to discern the statute's plain meaning.

### B. Statutory History

¶22  Wisconsin Stat. ch. 346 was created by § 1, ch. 260, Laws of 1957.  The first version of Wis. Stat. § 346.65(2) read:

> (2)  Any person violating s. 346.63(1) may be fined not more than $200 or imprisoned not more than 6 months or both for the first offense and, upon the second or subsequent conviction within 5 years, shall be imprisoned not less than 5 days nor more than one year and in addition may be fined not more than $200.

Wis. Stat. § 346.65(2) (1957).  The initial version of the statute denoted only two classes of OWIs for sentencing purposes: the first OWI and then all subsequent OWIs that occurred within a five-year period.  Notably, for the second and subsequent OWI offenses within five years, the statute imposed mandatory minimum sentences.

¶23  After undergoing a number of revisions and amendments,[7] the statute was repealed and replaced by § 15, ch. 193, Laws of 1977, so that it read:

> (2)(a) Any person violating s. 346.63(1):
>
> 1.  Shall forfeit not less than $100 nor more than $500, except as provided in subd. 2 or 3.
>
> 2.  _Shall be fined_ not less than $250 nor more than $1,000 _and imprisoned not less than 5 days_ nor

---

[7] First-offense OWI was decriminalized by ch. 278, Laws of 1971.

12

more than 6 months if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 2 within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

3.    Shall be fined not less than $500 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305 and convictions for violation of s. 346.63(1) or local ordinances in conformity therewith equals 3 or more within a 5-year period, except that revocations and convictions arising out of the same incident or occurrence shall be counted as one. The 5-year period shall be measured from the dates of the refusals or violations which resulted in the revocations or convictions.

Wis. Stat. § 346.65(2)(a) (1977) (emphasis added).

¶24 The 1977 version of the statute (1) increased the potential forfeiture for first-offense OWI; (2) imposed a mandatory minimum fine and maintained mandatory minimum jail time of five days for a second-offense OWI; and (3) increased the mandatory minimum fine and potential fine and increased mandatory minimum jail time to 30 days for a third and subsequent OWI offenses. § 15, ch. 193, Laws of 1977.

¶25 The legislature added new paragraphs to the statute in 1989 Wis. Act 271, after which § 346.65(2) read:

(2)    Any person violating s. 346.63(1):

(a)    Shall forfeit not less than $150 nor more than $300, except as provided in pars. (b) to (e).

(b)    Shall be fined not less than $300 nor more than $1,000 and imprisoned for not less than 5 days nor more than 6 months if the total of revocations

13

under s. 343.305(10)(b) and convictions under s. 346.63(1) or a local ordinance in conformity therewith, or s. 346.63(1m), 1985 stats., or s. 346.63(2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, equals 2 in a 5-year period, except revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(c) Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the total of revocations under s. 343.305(10)(b) and convictions under s. 346.63(1) or a local ordinance in conformity therewith, or s. 346.63(1m), 1985 stats., or s. 346.63(2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, equals 3 in a 5-year period, except that revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(d) Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 60 days nor more than one year in the county jail if the total of revocations under s. 343.305(10)(b) and convictions under s. 346.63(1) or a local ordinance in conformity therewith, or s. 346.63(1m), 1985 stats., or s. 346.63(2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, equals 4 in a 5-year period, except that revocations or convictions arising out of the same incident or occurrence shall be counted as one.

(e) Shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 6 months nor more than one year in the county jail if the total of revocations under s. 343.305(10)(b) and convictions under s. 346.63(1) or a local ordinance in conformity therewith, or s. 346.63(1m), 1985 stats., or s. 346.63(2) or 940.25, or s. 940.09 where the offense involved the use of a vehicle, equals 5 or more in a 5-year period, except that revocations or convictions arising out of the same incident or occurrence shall be counted as one.

Wis. Stat. § 346.65(2)(a)-(e) (1989-90) (emphasis added).  The new paragraphs continued the trend toward higher mandatory

14

minimums and more stringent penalties as the number of OWIs increased.    Consistent with previous iterations, the 1989-90 version of the statute imposed mandatory minimum sentences for the second and all subsequent OWI offenses.

¶26 The    legislature    later    added    Wis.    Stat. § 346.65(2)(am)6.-7.[8] in 2007 Wis. Act 111:

> Section 3.    346.65(2)(am)6. of the statutes is created to read:

> 346.65(2)(am)6.    Except as provided in par. (f), [any person violating s. 346.63(1)] is guilty of a Class G felony if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 7, 8, or 9, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

> Section 4.    346.65(2)(am)7. of the statutes is created to read:

> 346.65(2)(am)7. Except as provided in par. (f), [any person violating s. 346.63(1)] is guilty of a Class F felony if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 10 or more except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

2007 Wis. Act 111, §§ 3-4.    In their initial form, subds. 6. and 7. were anomalous in that they were the first subdivisions since

---

[8] Wisconsin Stat. § 346.65(2)(a)-(e) was renumbered in 2005 Wis. Act 149 as Wis. Stat. § 346.65(2)(am)1.-5., but most of the language did not change.

the statute's creation that did not require mandatory minimum sentences for multiple OWI offenses.

¶27 Then, 2009 Wis. Act 100 (Act 100) added the language that is particularly relevant to the present case. Act 100 added a sentence to Wis. Stat. § 346.65(2)(am)6. that said, "The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 3 years." 2009 Wis. Act 100, § 43. Similarly, § 346.65(2)(am)7. was amended to read, "The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 4 years." Id., § 44. Thus, with Act 100, the legislature arguably resolved the anomalous lack of mandatory minimum sentences in subds. 6. and 7. by adding mandatory minimum language.

¶28 The use of the term "bifurcated sentence" introduced by Act 100 also is significant when read in context with lower OWI offenses. Since 1990, the language in § 346.65(2)(am)1.-5.——"shall be fined . . . and imprisoned"——has remained the same. In contrast, the sentencing language in § 346.65(2)(am)6. did not take effect until 2010. 2009 Wis. Act 100, §§ 43-44, 97. The timing is important because Wisconsin enacted its "truth in sentencing" law in 1997 Wis. Act 283, which has since been modified. Legis. Reference Bureau, Truth-in-Sentencing and Criminal Code Revision, LRB-02-WB-7, at 1 (Aug. 2002). The truth in sentencing law eliminates parole and requires that when a court orders a person to serve a bifurcated sentence, the person must serve the entire term unless the person qualifies for a sentence adjustment or successfully completes an earned

16

release program.[9]  When the substance of subds. 1., 2., 3., 4.,
and 5. was created, the current bifurcated sentencing structure
for sentences of more than one year did not exist.  Thus, the
difference in language between the lower OWI offenses and the
language in subds. 6. and 7. can be explained by the fact that
subds. 6. and 7. were created at a later time and contemplated
more serious penalties involving mandatory prison time.

¶29  After numerous amendments, Wis. Stat. § 346.65(2)(am),
as it applied to Williams, read:

> (2)(am) Any person violating s. 346.63(1):
>
> 1.   Shall forfeit not less than $150 nor more
> than $300, except as provided in subds. 2. to 5. and
> par. (f).
>
> 2.   Except as provided in pars. (bm) and (f),
> shall be fined not less than $350 nor more than $1,100
> and imprisoned for not less than 5 days nor more than
> 6 months if the number of convictions under ss.
> 940.09(1) and 940.25 in the person's lifetime, plus
> the total number of suspensions, revocations, and
> other convictions counted under s. 343.307(1) within a
> 10-year period, equals 2, except that suspensions,
> revocations, or convictions arising out of the same
> incident or occurrence shall be counted as one.
>
> 3.   Except as provided in pars. (cm), (f), and
> (g), shall be fined not less than $600 nor more than
> $2,000 and imprisoned for not less than 45 days nor
> more than one year in the county jail if the number of
> convictions under ss. 940.09(1) and 940.25 in the
> person's lifetime, plus the total number of
> suspensions, revocations, and other convictions
> counted under s. 343.307(1), equals 3, except that

---

[9] See Jesse J. Norris, The Earned Release Revolution: Early
Assessments and State-Level Strategies, 95 Marq. L. Rev. 1551,
1564-77 (2012) (discussing recent developments in Wisconsin's
sentencing laws).

suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

4.     Except as provided in subd. 4m. and pars. (dm), (f), and (g), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 60 days nor more than one year in the county jail if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 4, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

4m.     Except as provided in pars. (f) and (g), is guilty of a Class H felony and shall be fined not less than $600 and imprisoned for not less than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 4 and the person committed an offense that resulted in a suspension, revocation, or other conviction counted under s. 343.307(1) within 5 years prior to the day of current offense, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

5.     Except as provided in pars. (f) and (g), is guilty of a Class H felony and shall be fined not less than $600 and imprisoned for not less than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations and other convictions counted under s. 343.307(1), equals 5 or 6, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

6.     Except as provided in par. (f), is guilty of a Class G felony if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 7, 8, or 9, except that suspensions, revocations, or convictions arising out of the same incident or

18

occurrence shall be counted as one. <u>The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 3 years.</u>

7.    Except as provided in par. (f), is guilty of a Class F felony if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 10 or more except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one. <u>The confinement portion of a bifurcated sentence imposed on the person under s. 973.01 shall be not less than 4 years.</u>

Wis. Stat. § 346.65(2)(am) (emphasis added).

¶30 The statutory history of Wis. Stat. § 346.65(2) reveals a general trend toward harsher mandatory minimum sentences as the number of OWIs increases. The first version of § 346.65(2) distinguished between the first OWI and all subsequent OWIs. <u>See</u> Wis. Stat. § 346.65(2) (1957). In contrast, the current statute makes eight different OWI-offense distinctions and provides increasing penalties depending on the number of OWIs the offender has committed and, in some instances, on the temporal proximity of an offense to the offender's previous OWI.

¶31 Perhaps the most important aspect of the statute's history is that every version of the statute since its inception imposed mandatory minimum sentences for second and subsequent OWIs until subds. 6. and 7. were introduced by 2007 Wis. Act 111. But shortly after 2007 Wis. Act 111 went into effect, the legislature added minimum sentencing language in 2009 Wis. Act 100. The question, then, is whether subds. 6. and 7. remain <u>anomalies</u> in an otherwise consistent statutory scheme——that is,

19

no mandatory minimum sentence of confinement is required——or whether the legislature imposed mandatory minimum sentences for seventh and subsequent OWIs so that they now conform with the sentencing structure for OWIs less than seven.  To help answer that question, we turn to the statute's structure, context, and contextually manifest purposes.

### C. Statutory Structure and Context

¶32 In addition to statutory history, the structure and context of a statute provide insight into its plain meaning. Kalal, 271 Wis. 2d 633, ¶46.  Even a cursory glance at the structure of Wis. Stat. § 346.65(2)(am) reveals a pattern: the mandatory minimum sentences generally increase with the number of OWIs.  In addition, the probation statute and provisions within § 346.65(2)(am) implicitly permit probation  for a second through a sixth OWI but do not appear to consider probation for seventh and subsequent OWIs.  Moreover, § 346.65(2)(bm)-(dm) explicitly allow probation for OWIs two through four.  Thus, the statutory structure and context suggest that § 346.65(2)(am)6. imposes a mandatory minimum period of confinement so that the statute maintains its graduated penalty structure.

¶33 Several provisions in Wis. Stat. § 346.65(2) and in the probation statute specifically or implicitly permit probation for OWI offenses less than seven but are silent as to seventh and subsequent offenses.  Wisconsin Stat. § 346.65(2)(bm)-(dm) plainly allow probation for OWI offenses two through four.  See Wis. Stat. § 346.65(2)(bm)-(dm) (allowing a reduction of the confinement period if the offender completes

20

"a probation period that includes alcohol and other drug treatment" in certain counties). In addition, the probation statute, Wis. Stat. § 973.09, specifically refers to the misdemeanor OWI offenses and allows probation for offenses with mandatory minimums of one year or less as long as the court requires the offender to serve the mandatory minimum sentence as a condition. See Wis. Stat. §§ 973.09(1)(d), 973.09(2)(a)1.d., 973.09(2)(am). However, the probation statute does not mention the OWI felonies[10] or permit probation for offenses with mandatory terms of imprisonment longer than one year. The probation statute and Wis. Stat. § 346.65(2)(am) contain no language to suggest that a court could place someone on probation for a seventh OWI offense.[11] Without some indication

---

[10] Although the probation statute does not mention the OWI felonies, Wis. Stat. § 973.09(1)(d) would still allow probation for up to six OWIs because even though a sixth OWI is a Class H felony, it carries a mandatory minimum sentence of less than one year. See Wis. Stat. §§ 346.65(2)(am)5., 973.09(1)(d). Wisconsin Stat. § 973.09(1)(d) states:

> If a person is convicted of an offense that provides a mandatory or presumptive minimum period of one year or less of imprisonment, a court may place the person on probation under par. (a) if the court requires, as a condition of probation, that the person be confined under sub. (4) for at least that mandatory or presumptive minimum period.

Wis. Stat. § 973.09(1)(d). Thus, because a sixth OWI carries a mandatory minimum of six months, a court could still order probation.

[11] Although a statute need not expressly permit probation for a court to order probation, the context of Wis. Stat. § 346.65(2)(am)6. suggests that probation is not allowed.

21

that probation is permitted, the mandatory minimum bifurcated sentence language in § 346.65(2)(am)6. makes probation for a seventh OWI suspect.

¶34 Williams suggests that because § 346.65(2)(am)6. does not explicitly prohibit probation, the sentencing court retains the option to order it. However, this is true only if § 346.65(2)(am)6. does not impose a mandatory minimum sentence of three years initial confinement. See Wis. Stat. § 973.09(1)(d); State v. Lalicata, 2012 WI App 138, ¶11, 345 Wis. 2d 342, 824 N.W.2d 921 (stating that a mandatory minimum bifurcated sentence is inconsistent with permitting probation). Thus, Williams' argument assumes his conclusion. If the statute imposes a mandatory minimum in prison, there would be no reason to prohibit probation. The fact that other unrelated statutes

---

Under one view, Wis. Stat. § 973.09(1)(d) would prevent probation for a seventh OWI because it authorizes probation if the offense "provides" a mandatory minimum of one year or less. Relevant definitions of "provide" include: "to make a proviso or stipulation" or "to supply for use." Webster's New Collegiate Dictionary 928 (1977). Arguably, Wis. Stat. § 346.65(2)(am)6. "provides" a mandatory minimum period of imprisonment of three years, thereby falling outside the purview of the probation statute.

do explicitly prohibit probation in an abundance of caution[12] is irrelevant.

¶35 The structure of the statute also demonstrates that the place of imprisonment moves from jail to prison as the number of OWIs increases. Under Wis. Stat. § 346.65(2)(am)3.-4., offenders must serve a sentence in <u>county jail</u>. In contrast, § 346.65(2)(am)4m.──the first felony in the OWI sentencing scheme──does not specify where an offender must be confined. The lack of specificity gives sentencing courts the option to sentence offenders either to jail or prison[13] for

---

[12] For example, Wis. Stat. § 939.618 (mandatory minimum sentence statute for repeat serious sex crimes) and § 939.619 (mandatory minimum sentence statute for repeat serious violent crimes) both clearly require mandatory minimum sentences of three and a half years in addition to saying, "The court may not place the defendant on probation." Wis. Stat. §§ 939.618(2)(a), 939.619(2). It is possible that the legislature recognized the serious nature of the offenses covered in § 939.618 and § 939.619 and decided to explicitly prohibit probation. However, by requiring a mandatory minimum sentence longer than one year, the legislature did not need to specify that the court could not order probation.

[13] By not expressing whether a person must be confined in jail or prison, Wis. Stat. § 346.65(2)(am)4m. gives courts discretion to impose a sentence in either, so long as any jail term is a year or less and any prison term imposed is a year or more.

> Except as provided in s. 973.032, if a statute authorizes imprisonment for its violation but does not prescribe the place of imprisonment, a sentence of less than one year shall be to the county jail, a sentence of more than one year shall be to the Wisconsin state prisons and the minimum under the indeterminate sentence law shall be one year, and a sentence of one year may be to either the Wisconsin state prisons or the county jail.

violating subd. 4m., depending on the length of the sentence. Like the progression of increasing mandatory minimum sentences, the statute's confinement options increase in severity, moving from jail to an option of either prison or jail for more serious offenses.  The next step in that progression would be to require confinement in a state prison, and § 346.65(2)(am)6.-7. are the only subdivisions to mention bifurcated sentences specifically, which necessarily involve time in prison.  They are also the only subdivisions to mention a mandatory minimum sentence of more than one year.  Thus, an interpretation that subd. 6. requires a sentencing court to impose a bifurcated sentence with at least three years of initial confinement would follow the statute's graduated penalty structure as well as the shift from jail sentences to prison sentences.

### D. Contextually Manifest Purposes

¶36  In addition to the statutory history and structure, the contextually manifest purposes of Wis. Stat. § 346.65(2)(am) are relevant to our plain meaning analysis.  See Kalal, 271 Wis. 2d 633, ¶¶48-49.  Wisconsin Stat. § 346.65(2)'s provisions for probation and treatment and the escalating mandatory minimums provide contextual evidence of several possible purposes: punishment, treatment, and protecting the public from repeat OWI offenders.  All three purposes would be served by a graduated penalty structure with increasing mandatory minimums. The graduated structure would impose greater punishment for more

---

Wis. Stat. § 973.02.

24

serious offenses.     It would allow for treatment during confinement in either a probation treatment program as contemplated by Wis. Stat. § 346.65(2)(bm)-(dm)[14] or a program like the Alcohol or Other Drug Abuse (AODA) program[15] for offenders sentenced to prison.     Finally, the graduated penalty structure would protect the public by keeping repeat offenders confined for longer periods of time.

¶37 Williams argues that reading § 346.65(2)(am)6. to allow courts to place the defendant on probation would not contradict the purpose of the statute to provide graduated penalties.     He suggests that the court could maintain the graduated penalty structure by ordering any of the following penalties for a seventh OWI offense:

   1.    impose a prison sentence, including between three and five years of confinement (assuming no repeater or other sentence enhancer);

   2.    impose and stay a prison sentence with between three and five years of confinement, and place the defendant on probation with up to one year of jail confinement as a condition;

---

[14] As discussed in paragraph 33, Wis. Stat. § 346.65(2)(bm)-(dm) allow a reduction of the confinement period if the offender completes "a probation period that includes alcohol and other drug treatment" in certain counties.

[15] The Wisconsin Department of Corrections website describes the AODA program as "[a] cognitive-behavioral based treatment program provided to offenders with serious, chronic issues with both substance abuse/dependence and criminal behavior.  Lessons are presented by social services staff and DOC contracted providers to groups of 10 to 18 offenders."  Alcohol or Other Drug Abuse Programs, doc.wi.gov, http://doc.wi.gov/about/doc-overview/division-of-adult-institutions/ops/primary-treatment-programs/aoda (last visited July 3, 2014).

25

3. withhold sentence, and place the person on probation with up to one year of jail confinement as a condition; or

4. sentence the person up to one year in jail, which is, in practice, nine months of confinement with good time.

It is true that these four options make it possible for a court to impose a sentence with more confinement than required for a sixth OWI and retain the graduated penalty structure. However, under Williams' view, a court is awkwardly confined in its sentencing——free to order probation with jail time as a condition for up to a year but precluded from ordering confinement terms between one and three years.

¶38 Williams' interpretation would not advance the contextually manifest purpose to punish repeat offenders because a court could decline to order any period of confinement for someone who committed a seventh, eighth, ninth, or higher OWI offense. Moreover, Williams' interpretation less effectively protects the public because it allows courts to release someone who just committed a seventh or higher OWI offense. On the other hand, interpreting the statute to require a bifurcated sentence with at least three years of confinement advances the statute's purposes. The mandatory minimum period of initial confinement maintains the graduated penalty structure and punishes more serious crimes with increased confinement. It protects the public by confining repeat offenders for longer periods. It also leaves room for treatment; for example, the judgment of conviction states that Williams is "to participate in AA and treatment and evaluation of alcohol condition while in

26

prison."[16]    Thus, the State's interpretation more effectively accomplishes the statute's purposes.[17]

### E. Ambiguity

¶39 Although the statutory history, structure, context, and contextually manifest purposes all militate in favor of an interpretation that Wis. Stat. § 346.65(2)(am)6. requires courts to impose a bifurcated sentence with a minimum period of initial confinement, it is not unreasonable for well-informed people to disagree. Standing in the way of plain meaning is the fact that Act 100 introduced a clear mandatory minimum in subd. 4m. but not in subds. 6. and 7.; § 346.65(2)(am)6. clearly did not require a mandatory minimum sentence before Act 100 was passed; and Act 100 increased probation options by allowing probation for second and third OWI offenses. On balance, the statute's history, structure, context, and contextually manifest purposes point to a reading that subds. 6. and 7. require imposition of mandatory minimum bifurcated sentences, but the statute is not

---

[16] The judgment of conviction also stated that Williams would "undergo AODA assessment and follow through with any treatment and/or counseling recommended."

[17] As is often stated in the context of a rational basis review of a statute, the legislature need not choose the most efficient or effective mechanism to achieve its purpose. See Ferdon v. Wis. Patients Comp. Fund, 2005 WI 125, ¶76, 284 Wis. 2d 573, 701 N.W.2d 440.    However, in interpreting a statute, we strive to give a statute "its full, proper, and intended effect." State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Thus, the fact that under the State's interpretation the statute more effectively accomplishes its contextually manifest purposes is helpful in our analysis but not dispositive.

27

so clear that well-informed people should not have become confused. Therefore, we conclude that the statute is ambiguous[18] and turn to the legislative history to glean the statute's meaning.

## F. Legislative History

¶40 While the statutory history, structure, context, and purposes provide indicia that Wis. Stat. § 346.65(2)(am)6. requires the court to impose a bifurcated sentence, the legislative history affirmatively demonstrates that the legislature so intended. 2009 Senate Bill 66, introduced by Senator Jim Sullivan, was signed into law as Act 100, which added the "bifurcated sentence" language to § 346.65(2)(am)6.-7. The Legislative Reference Bureau's (LRB) analysis of Senate Substitute Amendment 1 to 2009 S.B. 66[19] stated:

> The substitute amendment requires a person who commits
> a seventh, eighth, or ninth OWI-related offense to

---

[18] Williams contends that the legislature has required the court to impose mandatory minimum bifurcated sentences in other statutes and that if it wanted to do so in Wis. Stat. § 346.65(2)(am)6. it could have. Cf. Wis. Stat. § 939.616. However, comparisons to unrelated statutes are unhelpful. The mere fact that the legislature could have been clearer does not resolve the ambiguity. It is a basic principle of statutory construction that a reviewing court may consider "surrounding or closely-related statutes" to arrive at the statute's plain meaning. Kalal, 271 Wis. 2d 633, ¶46 (citations omitted). Thus, citations to unrelated statutes are not persuasive.

[19] Substitute Amendment 1 to 2009 S.B. 66 contained the same language as Wis. Stat. § 346.65(2)(am)6.

> serve a minimum period of confinement or [sic[20]] three years in prison under a bifurcated sentence and requires a person who commits a tenth or subsequent OWI-related offense to serve a minimum period of confinement of four years in prison under a bifurcated sentence.

Drafting File, 2009 Wis. Act 100, <u>Analysis by the Legislative Reference Bureau</u> of Substitute Amendment 1 for 2009 S.B. 66, Legislative Reference Bureau, Madison, Wis. The LRB's analysis demonstrates that 2009 S.B. 66 created mandatory minimum bifurcated sentences for OWI offenses numbering seven or higher.

¶41 In addition to the LRB analysis, the Committee Report from the Joint Review Committee on Criminal Penalties for 2009 S.B. 66 supports a reading that the statute requires courts to impose a bifurcated sentence with a mandatory minimum period of initial confinement. Under a section titled, "Minimum period of confinement for OWI offenders with multiple prior offenses," the Legislative Fiscal Bureau (LFB) stated that the bill:

> would specify that the confinement portion of a bifurcated sentence must be not less than three years for a person convicted of a seventh, eighth, or ninth OWI offense, and not less than four years for a person convicted of a tenth or subsequent OWI offense. . . . There is currently no mandatory minimum period of confinement specified for these offenses.

Drafting File, 2009 Wis. Act 100, Legislative Reference Bureau, Madison, Wis.

---

[20] Although the LRB analysis says "or," the context makes it apparent that it should say "of." As the dissent in the court of appeals noted, the typo should be considered in light of the sentence that follows it, which contains similar language without the error. <u>See</u> <u>State v. Williams</u>, 2013 WI App 74, ¶32 n.4, 350 Wis. 2d 311, 833 N.W.2d 846 (Blanchard, J., dissenting).

29

¶42 Although the language in the LFB memorandum mirrors the statutory language, it is helpful because it contrasts that language with the assertion that there was not a mandatory minimum before 2009 S.B. 66, suggesting that S.B. 66 imposed a mandatory minimum. The LFB also included a table that had a row titled, "Minimum confinement period for multiple OWI offenders; applicability of house arrest" and indicated, "For 7th, 8th, and 9th offense: 3 years." Id. That same table indicated in a row titled "Probation for OWI offenders" that "Probation [is] allowed for 2nd and 3rd offense, in addition to 4th offense OWI." Id. The table did not suggest that probation was allowed for seventh and subsequent offenses.

¶43 After 2009 S.B. 66 was enacted, the Wisconsin Legislative Council released an Act Memo for Act 100. Wisconsin Legislative Council Act Memo for 2009 Wis. Act 100 (Jan. 8, 2010), available at http://legis.wisconsin.gov/lc/publications/act/2009/act100-sb066.pdf. The Act Memo states that one of Act 100's major changes is that it "[e]stablish[es] minimum terms of imprisonment for 4th offense felony and 5th and subsequent OWI-related offenses." Id. (emphasis added). Thus, the Act Memo equates the "shall be fined . . . and imprisoned" language for the fourth offense felony through sixth offense OWIs with the bifurcated sentence language for seventh and subsequent offenses. There is no dispute that the statute imposes mandatory minimum sentences for fourth offense felony through sixth offense OWIs.

30

¶44 The Act Memo also includes a table based on the LFB's table and states that seventh, eighth, and ninth offense OWIs have a mandatory minimum confinement period of three years and that probation is allowed for second through fourth offense OWIs. Id. In addition, the LRB published a "Legislative Brief" for Act 100 that said, "The law also increases the minimum period of confinement for serial offenders from the current 48 consecutive hours for all criminal OWI offenders, to a minimum of three years for seventh, eighth, and ninth offenses and a minimum of four years for a 10th or subsequent offense." Wis. Legis. Reference Bureau, Increased Penalties and Ignition Interlock Requirements for Drunk Driving Offenses, LRB-10-2, at 2 (Apr. 2010).

¶45 Although some of the legislative history mirrors the language in the statute, as a whole, it clarifies the statute's ambiguity: Wis. Stat. § 346.65(2)(am)6. requires sentencing courts to impose a bifurcated sentence with at least three years of initial confinement.[21]

¶46 Applying the correct law to Williams' case, the circuit court stated, "given all the circumstances, I think that the legislature has made the decision that that is the minimum

---

[21] Because the legislative history clarifies the ambiguity, the rule of lenity does not apply. The "rule of lenity provides generally that ambiguous penal statutes should be interpreted in favor of the defendant." State v. Cole, 2003 WI 59, ¶67, 262 Wis. 2d 167, 663 N.W.2d 700 (footnote omitted). The rule of lenity applies only when "(1) the penal statute is ambiguous; and (2) we are unable to clarify the intent of the legislature by resort to legislative history." Id. (footnote omitted).

term of confinement, I think that is an appropriate term of confinement for you."  Because the circuit court applied the correct law, we reject Williams' argument that the circuit court violated his due process right to be sentenced based on accurate information.    Therefore,    Williams    is    not    entitled    to resentencing.

### IV. CONCLUSION

¶47  We conclude that Wis. Stat. § 346.65(2)(am)6. requires sentencing courts to impose a bifurcated sentence with at least three years of initial confinement for a seventh, eighth, or ninth OWI offense.  In reaching this conclusion, we note that although    the    statutory    history,    context,    structure,    and contextually manifest purposes of § 346.65(2)(am)6. suggest that it imposes a mandatory minimum period of initial confinement, the statute is ambiguous.  The legislative history resolves the ambiguity    and    contains    several    clear    statements    that § 346.65(2)(am)6.    requires    courts    to    impose    a    bifurcated sentence with a mandatory minimum period of initial confinement. Therefore, we reverse the court of appeals.

*By the Court.*—The decision of the court of appeals is reversed.

¶48 SHIRLEY S. ABRAHAMSON, C.J. *(concurring).* The majority opinion strays far from the text of the statute to interpret Wis. Stat. § 346.65(2)(am)6. as requiring a mandatory bifurcated sentence.[1] The text does not refer to a mandatory minimum sentence.

¶49 The majority opinion ditches the plain text and interprets the statute, which it views as ambiguous,[2] by examining the statutory history, the statutory structure, the legislative history,[3] and the statute's "contextually manifest purpose," a phrase not defined in the statutes or case law. An examination of a "contextually manifest purpose" is too easily manipulated to provide a workable tool for statutory interpretation.

¶50 The majority opinion concludes that a mandatory minimum penalty conforms to the graduated penalty structure for serial, multiple offenders that is designed to accomplish the "contextually manifest purposes" of punishment, treatment, and protection of the public. Majority op., ¶36.

---

[1] Majority op., ¶47.

[2] Majority op., ¶¶6, 39. The defendant argued at the court of appeals and in this court that the statute was unambiguous and that its plain meaning did not create a mandatory bifurcated sentence. The State argued that the statute was ambiguous and that it was subject to more than one reasonable interpretation.

[3] Nothing in the legislative history expressly states the legislative intent about requiring a bifurcated sentence with a mandatory minimum confinement period of three years.

1

¶51  A mandatory minimum penalty is not, however, the only possible interpretation of the statute that would meet those contextually mandated purposes.  The legislature may have intended to grant a circuit court discretion in imposing a sentence on a serial offender for whom incarceration has not effectively deterred repeat offenses.  The legislature may have had in mind the beneficial effects of granting a sentencing court discretion to enable it to choose the most effective sentencing strategy for each individual to reduce recidivism and protect public safety.

¶52  The legislature is well aware that the court system has developed effective justice strategies, including problem-solving treatment courts, to treat and prevent behaviors such as substance abuse that may underlie an individual's criminal behavior.  The legislature has supported these efforts.

¶53  For example, Waukesha County has an Alcohol Treatment Court (WATC).[4]  Milwaukee County runs a similar program.  Many of the county programs are funded by the legislature through a grant program (popularly known as TAD, Treatment and Diversion) administered by the Department of Justice.[5]  The goal of these treatment court programs is not only to address underlying issues such as substance abuse that may contribute to an

---

[4] Waukesha Alcohol Treatment Court, Wisconsin Community Services, http://www.wiscs.org/programs/court_community_services/waukesha_drug_treatment/ (last visited June 25, 2014).

[5] Wis. Stat. Ann. § 165.95 (West Supp. 2013).

individual's criminal behavior but also to enhance public safety and reduce recidivism.

¶54 In contrast to the majority opinion, the court of appeals concluded that the statute did not establish a mandatory minimum sentence. The court of appeals, like the majority opinion, examined the statutory history and surrounding statutes that contain the mandatory minimum language (that is missing in Wis. Stat. § 346.65(2)(am)6.), the complex sentencing scheme, and the public policy concerns that could have led the legislature not to create a mandatory minimum statute.

¶55 After reading the majority opinion and rereading the decision of the court of appeals, I find the court of appeals' reasoning more convincing.

¶56 Nevertheless I concur, rather than dissent, because the legislature has recently clarified the language of the statute to now require a mandatory minimum sentence.

¶57 On April 11, 2013, the court of appeals filed its opinion in the instant case, holding that a bifurcated sentence for a seventh OWI offense was not mandatory under Wis. Stat. § 346.65 (2009-10). Later in the same month, 2013 Assembly Bill 180 was introduced in the Wisconsin Assembly, requiring a court to impose a bifurcated sentence for a seventh, eight, ninth, tenth, or subsequent OWI offense. The bill was enacted on April 8, 2014, published on April 9, 2014, and took effect April 10, 2014.[6]

---

[6] Majority op., ¶12, n.5.

3

¶58 The Wisconsin Legislative Council Act Memorandum regarding the new statute states that the legislature modified the statute to require the mandatory bifurcated sentence language as a response to the court of appeals' interpretation in the instant case.[7]

¶59 Although the new legislation does not govern the present case, the provisions of the new legislation may be accorded weight to aid us in determining what the legislature intended in the statute at issue in the instant case. See, e.g., State v. Cole, 2003 WI 59, ¶40, 262 Wis. 2d 167, 663 N.W.2d 700 (interpreting a statute based on later-in-time "supplemental legislation"); McGarrity v. Welch Plumbing Co., 104 Wis. 2d 414, 427, 312 N.W.2d 37 (1981) (interpreting the purpose of child labor laws and administrative rules based on later enactments by the legislature).[8]

¶60 In the instant case, I read the legislative response to the court of appeals to signal the legislature's purpose.

¶61 For the foregoing reasons, I write separately.

---

[7] Wisconsin Legislative Council Act Memo, 2013 Wis. Act 224 [2013 A.B. 180], OWI Penalties and Testing at 1, available at https://docs.legis.wisconsin.gov/2013/related/lcactmemo/act224.pdf (last visited June 25, 2014).

[8] See generally 2B Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 49:10 at 129 (7th ed. 2012) ("Where a legislature amends a former statute, or clarifies a doubtful meaning by subsequent legislation, such amendment or subsequent legislation is strong evidence of the legislative intent behind the first statute," citing, inter alia, McGarrity v. Welch Plumbing Co., 104 Wis. 2d 414, 312 N.W.2d 37 (1981)).

4

¶62  I am authorized to state that Justice ANN WALSH BRADLEY joins this concurrence.