COURT OF APPEALS
DECISION
DATED AND FILED

September 8, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.    **2019AP1786-CR**

Cir. Ct. No.  **2018CT139**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT III**

STATE OF WISCONSIN,

    PLAINTIFF-APPELLANT,

V.

ERIC JEAN OVERVIG,

    DEFENDANT-RESPONDENT.

---

APPEAL from a judgment of the circuit court for St. Croix County: EDWARD F. VLACK III, Judge. *Affirmed*.

¶1    HRUZ, J.[1]  The State appeals from Eric Overvig's judgment of conviction for operating a motor vehicle while intoxicated (OWI), third offense. At sentencing, the circuit court imposed and stayed a nine-month jail sentence,

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

ordered that Overvig serve two years on probation, and applied WIS. STAT. § 346.65(2)(cm) to order that Overvig serve twenty days' jail confinement as a condition of probation. The State argues the court erred in its interpretation and application of subsec. (2)(cm) because the reduced confinement period permitted under that subsection can only apply in the context of a defendant being ordered to participate in a treatment court or other similar program. We reject the State's arguments and affirm.

## BACKGROUND

¶2 The State charged Overvig with one count of OWI and one count of operating a motor vehicle with a prohibited alcohol concentration, both as third offenses. Overvig pled guilty to third-offense OWI, and the remaining count was dismissed. Prior to the plea and sentencing hearing, Overvig filed a letter with the circuit court, requesting that he be placed on probation and that he receive fourteen days' confinement as a condition of probation—i.e., the minimum confinement under WIS. STAT. § 346.65(2)(cm). Overvig explained that he qualified for this sentence because, among other things: (1) he completed one month of in-patient treatment immediately after the subject OWI incident; (2) he completed an additional six months of "intensive" outpatient treatment through the Hazelden Betty Ford Foundation and "is following the recommendation of the treatment team"; and (3) he regularly attends three to four Alcoholics Anonymous (AA) meetings each week, "speaks to his sponsor daily, and is working on Step 4" of a twelve-step program.

¶3 Overvig filed a follow-up letter with the circuit court, requesting that it indicate whether the minimum period of confinement under WIS. STAT. § 346.65(2)(cm) was available in his case. The court subsequently held a hearing

on Overvig's request, at which it stated that it would not indicate whether it would apply subsec. (2)(cm) at sentencing. The court did, however, state that "if the statute allows some deviation, I've used that in the past," and "I recognize maybe the County doesn't have some [q]uote/[u]nquote program," but "I've done it in the past." The court reiterated, "I don't feel like I'm precluded from … using that."

¶4 At sentencing, the State acknowledged Overvig's positive attributes, including his involvement in intensive alcohol addiction treatment, and it relied upon those facts to explain why its sentencing recommendation deviated downward from the local guidelines.[2] The State recommended eighty days' confinement, but if the circuit court ordered probation, the State recommended two years' probation with sixty days' confinement as a condition. Relying on WIS. STAT. § 346.65(2)(cm), Overvig requested two years' probation with fourteen days' confinement as a condition. The State objected to Overvig's reliance on § 346.65(2)(cm) and argued that subsec. (2)(cm) did not apply in St. Croix County because the statute only applied to counties that had programs like Winnebago County's OWI treatment court. The State nevertheless conceded that St. Croix County has a "track" for treatment court.

¶5 In response to the State's objection, the circuit court stated, "I have to divulge that I have done this in one case before, because I just said, 'I'm going to do it.'" The court further stated,

---

[2] The chief judge of each judicial administrative district must adopt guidelines regarding "aggravating and mitigating factors" for a circuit court to consider when "imposing a sentence under [WIS. STAT. § 346.65(2)] for a violation of [WIS. STAT. §] 346.63(1)(am) or (b) or (5) or a local ordinance in conformity therewith …." *See* § 346.65(2m)(a); *see also* **State v. Jorgensen**, 2003 WI 105, ¶¶16-18, 264 Wis. 2d 157, 667 N.W.2d 318.

> I recognize we're supposed to jump through these hoops and have this special program …. I have to be honest, I have a gentlemen in front of me who, within a day, puts himself in inpatient treatment and I don't see very many of those and I've only been doing this for 45 years.

The court noted that "the minimum [confinement] in one respect is 45 days, the other minimum if we have this program is 14 days."

¶6      The circuit court ultimately imposed and stayed a nine-month jail sentence, and it ordered two years' probation with 120 days' conditional jail time, 100 of which were stayed. Additionally, the court imposed a fine, but it expressed concern about ensuring that Overvig could continue with his treatment and pay for the treatment he needed. The court stated, "I appreciate right now it's AA, so maybe there's no cost to treatment." Although the court did not believe an evaluation was necessary, the court ordered Overvig to comply with any evaluation and treatment required by his probation agent. The judgment of conviction notes that an "Alcohol Assessment" was required "[w]ithin 30 days and follow through." The court instructed Overvig, "[R]ight now just continue your treatment." Finally, the court ordered Overvig to maintain absolute sobriety and to not enter any establishment where the primary purpose is the sale of alcohol. The State now appeals.

## DISCUSSION

¶7      This case requires us to interpret and apply WIS. STAT. § 346.65(2)(cm).[3] Statutory interpretation and the application of a statute to a

---

[3] WISCONSIN STAT. § 346.65(2)(cm) provides:

(continued)

given set of facts are questions of law that we review de novo. *State v. Shoeder*, 2019 WI App 60, ¶6, 389 Wis. 2d 244, 936 N.W.2d 172. Statutory interpretation begins with the language of the statute, and if the meaning of the statute is plain, we ordinarily stop our inquiry. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶8      On appeal, the State does not challenge the applicability of WIS. STAT. § 346.65(2)(cm) in St. Croix County generally or whether St. Croix County is a "county that opts to offer a reduced minimum period of imprisonment for the successful completion of a probation period that includes alcohol and other drug treatment …."[4]  Rather, the State argues that "the statute does not apply in this case."  Although the State acknowledges that statutory interpretation begins with

---

> In any county that opts to offer a reduced minimum period of imprisonment for the successful completion of a probation period that includes alcohol and other drug treatment, if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1) equals 3, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one, the fine shall be the same as under par. (am)3., but the period of imprisonment shall be not less than 45 days, except that if the person successfully completes a period of probation that includes alcohol and other drug treatment, the period of imprisonment shall be not less than 14 days.  A person may be sentenced under this paragraph or under par. (bm) or (dm) or sub. (2j)(bm), (cm), or (cr) or (3r) once in his or her lifetime.

[4]  Both parties appear to agree that a county can opt to offer a reduced minimum period of imprisonment under WIS. STAT. § 346.65(2)(cm) by creating a treatment court, like St. Croix County's treatment court.  Therefore, for the purposes of this appeal, we do not wade into what appears to be a significant question as to the precise meaning of the broad language used in the first clause of the first sentence of subsec. (2)(cm), including if it indeed contemplates the need for a county to have a formal drug treatment court.  We note, however, that, as explained later in this opinion, the language the legislature opted to use—i.e., "a probation period that includes alcohol and other drug treatment"—is not expressly limited to drug treatment courts.

5

the language of the statute, the State fails to advance any textual argument regarding the meaning of subsec. (2)(cm). The State quotes and paraphrases applicable statutes, including subsec. (2)(cm), but it does not attempt to explain the textual meaning of those statutes.

¶9 The State's argument really begins with—and largely focuses on—the statutory and legislative history of WIS. STAT. § 346.65(2)(cm). The State argues that subsec. (2)(cm) only applies to offenders who are in a "treatment court" or a "probation treatment program." In reaching this conclusion, the State explains that a past iteration of subsec. (2)(cm) only applied in Winnebago County. *See* § 346.65(2)(cm) (2007-08). The State further explains that Winnebago County had this sentencing option because it developed a treatment program that involved an "intense and monitored program of treatment, rehabilitation, and strict supervision."

¶10 The legislature amended WIS. STAT. § 346.65(2)(cm) in 2009 to include all Wisconsin counties, and the Wisconsin Legislative Council released an Act Memo, explaining that the amendment "[p]ermit[s] any county, at its option, to develop and use a program (currently permitted in Winnebago County) providing a sentencing option that allows the period of imprisonment of an OWI-related violator to be reduced if the violator successfully completes a period of probation that includes alcohol and drug treatment." *See* Wis. Legis. Council Act Memo for 2009 Wis. Act 100 (Jan. 8, 2010), https://docs.legis.wisconsin.gov/2009/related/lcactmemo/act100.pdf. The Act Memo further states that the amendment "[e]xtends Winnebago sentencing option to any county with a program similar to the Winnebago program." ***Id.*** Consistent with the legislative history, the State quotes language from ***State v. Williams***, 2014 WI 64, 355 Wis. 2d 581, 852 N.W.2d 467, in which our supreme court stated that

6

the graduated penalty structure for OWIs "allow[s] for treatment during confinement in either a probation treatment program as contemplated by WIS. STAT. § 346.65(2)(bm)-(dm) or a program like the Alcohol or Other Drug Abuse (AODA) program for offenders sentenced to prison." *Id.*, ¶36.

¶11     In essence, the State argues that WIS. STAT. § 346.65(2)(cm) only applies when a county uses a probation treatment program and "the offender is actually in the program and completes it."  The State thus argues that subsec. (2)(cm) could not apply to Overvig because the circuit court did not order him to complete a treatment court program, a "probation treatment program," or an AODA program.

¶12     Despite the State's review of the relevant legislative history, we are not convinced that the circuit court improperly applied WIS. STAT. § 346.65(2)(cm).  Again, statutory interpretation begins with the language of the statute, and if the meaning is plain, we ordinarily stop our inquiry.  *See Kalal*, 271 Wis. 2d 633, ¶45.  We generally need not consult extrinsic sources of interpretation, such as legislative history, if the statutory language is unambiguous. *Id.*, ¶46.

¶13     Here, the relevant portion of WIS. STAT. § 346.65(2)(cm) is plain, operating in a broader manner than the State advances.  A circuit court may deviate from the typical forty-five day minimum confinement for a third-offense OWI, and impose as little as fourteen days' confinement, "[i]n any county that opts to offer a reduced minimum period of imprisonment" (which both parties agree includes St. Croix County), "if the person successfully completes a period of probation that includes alcohol and other drug treatment."  *See* § 346.65(2)(cm). Nowhere in the statute does the legislature mention or require "treatment court" or

7

a "probation treatment program." Rather, the statute only requires "a period of probation that includes alcohol and other drug treatment." Sec. 346.65(2)(cm).

¶14 We cannot conclude that Overvig's period of probation lacked "alcohol and other drug treatment."[5] The circuit court acknowledged Overvig's previous treatment and recognized that Overvig's current treatment involved attending AA meetings. The court instructed Overvig to "continue [his] treatment." It also ordered Overvig to comply with any evaluations and treatment required by his probation agent—a person likely better situated to evaluate and address Overvig's continuing rehabilitative needs. Finally, the court ordered that Overvig maintain absolute sobriety and that he not enter any establishment where the primary purpose is the sale of alcohol. Collectively, these orders and instructions provided Overvig with restraints, techniques and methods to facilitate his continued rehabilitation. The court therefore created a period of probation that included, as the legislature opted to broadly state, "alcohol and other drug treatment."

¶15 Our supreme court's discussion of WIS. STAT. § 346.65(2)(bm)-(dm) in *Williams* does not assist in our interpretation of subsec. (2)(cm). Although the court stated that paras. (bm)-(dm) contemplate a "probation treatment program," the court did not interpret or apply paras. (bm)-(dm) to the facts of that case. *See Williams*, 355 Wis. 2d 581, ¶36. Rather, it only interpreted § 346.65(2)(am)6. *See Williams*, 355 Wis. 2d 581, ¶2. The court also immediately noted that

---

[5] Neither party attempts to define the word "treatment," but we note that the term is generally defined in broad terms. *See*, *e.g.*, WIS. STAT. § 51.01(17) (defining "treatment" as "those psychological, educational, social, chemical, medical or somatic techniques designed to bring about rehabilitation of a[n] … alcoholic … person.").

paras. (bm)-(dm) "allow a reduction of the confinement period if the offender completes 'a probation period that includes alcohol and other drug treatment' in certain counties." *Williams*, 355 Wis. 2d 581, ¶36 n.14 (quoting § 346.65(2)(bm)-(dm)). The court therefore did not suggest that paras. (bm)-(dm) required anything more than what the plain language of the statute provides. *See Williams*, 355 Wis. 2d 581, ¶36 n.14.

¶16 The State further argues that the structure, context and purpose of WIS. STAT. § 346.65(2)(cm) do not support the application of subsec. (2)(cm) in this case. The State contends that subsec. (2)(cm) "should be used sparingly" because it: (1) only applies to certain counties; (2) is only available for successfully completing a probation period that includes alcohol and other drug treatment; (3) is only available once in a defendant's lifetime; and (4) only applies to certain OWI offenses. The State also contends that the purpose of subsec. (2)(cm) "is to give offenders a benefit for successfully completing a rigorous treatment program while on probation." The State argues that Overvig's probation did not include a treatment program, and therefore the circuit court contravened the purpose of subsec. (2)(cm) by ordering probation with the number of conditional jail days less than the standard minimum of forty-five days.

¶17 We reject each of the State's arguments. Even if WIS. STAT. § 346.65(2)(cm) "should be used sparingly," the statutory language supports its application in this case. Indeed, none of the restrictions discussed by the State apply here. The State does not contest that subsec. (2)(cm) applies to St. Croix County; that Overvig has not benefited from subsec. (2)(cm) or another enumerated subsection during his lifetime; or that subsec. (2)(cm) applies to a third-offense OWI. We also have concluded that Overvig's period of probation includes "alcohol and other drug treatment." The terms of Overvig's probation

9

also do not contravene the purpose of subsec. (2)(cm) because nothing in the statute requires that the alcohol treatment be "rigorous" during the probation period. Subsection (2)(cm) allows for reduced confinement for a person who successfully completes a period of probation that includes alcohol and other drug treatment. As we have explained, Overvig's period of probation included an order for his alcohol and other drug treatment.

¶18    The State next argues that the circuit court improperly considered Overvig's past treatment as a basis to apply WIS. STAT. § 346.65(2)(cm). Although the statute does not permit a court to rely solely on past treatment when applying subsec. (2)(cm)—because the period of probation itself must include "alcohol and other drug treatment"—we disagree that a court is wholly precluded from considering the fact of such treatment. A person's treatment is not static—it changes over time. Overvig's past treatment, and his success with that treatment, informed the court as to what treatment might be appropriate for Overvig in the future and his likely success. Because Overvig had successfully completed both intensive inpatient and outpatient treatment, the court could reasonably conclude that those treatments were not necessary or appropriate for Overvig while on probation. The court could also reasonably conclude that Overvig would receive appropriate alcohol treatment during his probation by attending AA meetings and completing the twelve-step program, completing an evaluation and complying with his probation agent's treatment requirements, and abstaining from alcohol use.

¶19    Overvig's initiative to seek out treatment on his own was also highly relevant to the circuit court's decision regarding the amount of confinement to impose. As the State acknowledged in its sentencing argument,

> [Overvig] completed inpatient treatment, which apparently he enrolled in relatively soon after this incident. He's been involved in intensive outpatient, going to meetings. He's been doing all the right things I think to self-correct. And so that's why the State has agreed to deviate two levels downward in our guidelines with a recommendation of 80 days versus 110 days ….

The court could reasonably conclude that Overvig deserved less confinement because Overvig recognized his struggles with alcoholism, successfully completed intensive inpatient and outpatient treatment, was ordered to complete an assessment and treatment as required by his probation agent, and was continuing with his treatment through AA meetings. We conclude the court did not err by considering Overvig's past treatment at sentencing.

¶20    Finally, the State argues that the circuit court improperly relied on its previous application of WIS. STAT. § 346.65(2)(cm) in a different case as a basis for applying the statute in Overvig's case. The State asserts that circuit courts "should not apply the statute just because they think they can." The State's argument on this point, however, is largely derivative of its statutory interpretation argument. Because we conclude the court had the authority to apply subsec. (2)(cm) under these facts, the court had the authority to apply the statute regardless of its reliance on a previous application in a different case.[6]

¶21    In sum, we conclude that the circuit court did not err when it relied on WIS. STAT. § 346.65(2)(cm) and imposed less than forty-five days' confinement on Overvig for his third-offense OWI conviction. Through the

---

[6] Because our interpretation of the relevant language in WIS. STAT. § 346.65(2)(cm) is dispositive, we need not address Overvig's alternative argument regarding the rule of lenity. *See* ***Turner v. Taylor***, 2003 WI App 256, ¶1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (court of appeals need not address all issues raised by the parties if one is dispositive).

court's instructions and orders, Overvig's period of probation included "alcohol and other drug treatment," which satisfied the statute's plain language.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.