**2020 WI App 81**

# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:          2020AP100-CR†

----

† Petition for Review filed

Complete Title of Case:


**STATE OF WISCONSIN,**

    **PLAINTIFF-RESPONDENT,**

        **V.**

**JACK B. GRAMZA,**

    **DEFENDANT-APPELLANT.†**

----

| | |
|---|---|
| Opinion Filed: | November 10, 2020 |
| Submitted on Briefs: | September 9, 2020 |
| Oral Argument: | |

----

| | |
|---|---|
| JUDGES: | Brash, P.J., Dugan and Donald, JJ. |
| Concurred: | |
| Dissented: | |

----

Appellant
ATTORNEYS:          On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrea Taylor Cornwall*, assistant state public defender.

Respondent
ATTORNEYS:          On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Joshua L. Kaul*, attorney general, and *Sonya Bice Levinson*, assistant attorney general.

# COURT OF APPEALS
# DECISION
# DATED AND FILED

## November 10, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP100-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF3965**

**IN COURT OF APPEALS**

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JACK B. GRAMZA,

DEFENDANT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: DAVID L. BOROWSKI, Judge. *Affirmed*.

Before Brash, P.J., Dugan and Donald, JJ.

¶1 BRASH, P.J. Jack B. Gramza appeals an order of the circuit court denying his request for sentence modification upon his successful completion of the Substance Abuse Program (SAP). Under the statute authorizing this program, within thirty days of completion, the defendant's sentence is required to be

modified, converting the remaining period of initial confinement to extended supervision, and the defendant is to be released.

¶2 Gramza had pled guilty to operating a motor vehicle while intoxicated as a seventh offense (OWI-7th), which, by statute, requires a mandatory minimum term of initial confinement of three years. However, Gramza completed the SAP approximately six months into his sentence, and seeks release pursuant to the SAP statute. He further argues that failing to authorize his release under the SAP would violate the double jeopardy clause.

¶3 The circuit court interpreted the conflict between the OWI-7th statute and the SAP statute as requiring that the mandatory minimum term of initial confinement for an OWI-7th be served by a defendant, regardless of whether the SAP was completed. The circuit court also rejected Gramza's double jeopardy argument. We agree, and therefore affirm the order of the circuit court.[1]

## BACKGROUND

¶4 Gramza was charged with OWI-7th in August 2018. A Franklin police officer had conducted a traffic stop after observing Gramza deviating from his lane and changing lanes without signaling. Upon making contact with Gramza, the officer noted that Gramza "exhibited bloodshot/glassy eyes, slurred speech, and the odor of intoxicants emanating from his person." Gramza's blood alcohol content was found to be 0.177.

---

[1] Gramza's plea was taken by the Honorable Pedro Colon, who also imposed Gramza's sentence. We refer to Judge Colon as the trial court. The order at issue in this appeal was entered by the Honorable David L. Borowski, who was assigned this matter as a result of judicial rotation. We refer to Judge Borowski as the circuit court.

¶5    Gramza pled guilty to the charge. As part of the plea agreement, the State agreed to recommend three years of initial confinement—which is the statutory minimum period of initial confinement for a seventh, eighth, or ninth OWI offense, pursuant to WIS. STAT. § 346.65(2)(am)6. (2017-18)[2]—along with three years of extended supervision.

¶6    At the plea and sentencing hearing held on March 27, 2019, the trial court noted that a conviction for OWI-7th requires a mandatory minimum term of three years of initial confinement, and that this was a severe penalty. However, the court explained that the legislature "continues to lengthen" the sentences for multiple OWI offenses to protect society from the dangers of drunk driving. Furthermore, the court observed that someone with seven, eight, or nine OWI offenses has had "additional clear warnings" that this is an offense that will be enforced.

¶7    The trial court then imposed the sentence recommended by the State: the mandatory minimum three years of initial confinement, to be followed by three years of extended supervision. Additionally, the court stated that it "would like [Gramza] to get treatment" to enable him to "get away from this dependency [on] alcohol." Therefore, the court made Gramza eligible for the SAP, without including any explicit conditions on that eligibility.

¶8    Approximately six months later, on October 1, 2019, the Department of Corrections (DOC) filed a letter informing the circuit court that Gramza had successfully completed the SAP. Therefore, in accordance with WIS. STAT. § 302.05, the DOC requested that the court authorize the conversion of Gramza's

---

[2] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

remaining time of initial confinement to extended supervision, such that Gramza could be released within thirty days of the court's receipt of the notice.

¶9 The circuit court questioned its authority to authorize Gramza's release after he had served only six months of a three year minimum term of initial confinement as mandated by the legislature. The court therefore ordered the DOC and the State to submit briefs addressing this issue.

¶10 The DOC asserted that the circuit court did indeed have the authority to authorize Gramza's release. The DOC argued that the conflict between the statutes relating to the mandatory minimum term of initial confinement for an OWI-7th and mandatory release upon completion of the SAP could be harmonized because the OWI statute requires the mandatory minimum sentence be *imposed*, but does not require that it be fully *served*. The DOC further noted that a defendant's release under the SAP does not change the overall term of the bifurcated sentence. The State took no position on the matter, but pointed out that determining eligibility for the SAP was within the trial court's discretion, but it appeared that releasing a defendant after its successful completion was non-discretionary.

¶11 Gramza also filed a brief, agreeing with the points made by both the DOC and the State. Gramza further argued that he had a "legitimate expectation of finality in the sentence imposed," and that the failure to authorize his release after he completed the SAP would result in a double jeopardy violation.

¶12 The circuit court rejected all of those arguments. The court stated that it presumed that in requiring a mandatory minimum term of initial confinement for an OWI-7th conviction, the legislature intended for that sentence to be *served* by the defendant. As such, harmonizing the conflicting statutes in the manner urged by the DOC and Gramza would have the effect of negating the legislature's mandate for a

mandatory minimum sentence for OWI-7th, an interpretation that made "no sense" to the court.

¶13   The circuit court further noted that while the SAP statute requires a defendant's release, the OWI-7th statute also has a requirement of a mandatory minimum sentence, and the court was not persuaded "that the 'shall' language in one statute is mandatory while in the other it is not." For that reason, the court rejected Gramza's double jeopardy argument, stating that Gramza did not have a legitimate expectation of serving less than the mandatory minimum sentence for his conviction of this offense.

¶14   As a result, the circuit court denied the DOC's request to authorize Gramza's release. This appeal follows.

### DISCUSSION

¶15   The conflicting mandatory language of the statutes at issue here requires that we conduct a statutory interpretation analysis. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory interpretation presents a question of law that this court reviews *de novo*. *DOR v. River City Refuse Removal, Inc.*, 2007 WI 27, ¶26, 299 Wis. 2d 561, 729 N.W.2d 396.

¶16   In sentencing Gramza, the trial court emphasized that, being that this was his seventh OWI conviction, the mandatory minimum term of initial confinement provision of WIS. STAT. § 346.65(2)(am)6. was applicable: "[t]he court shall impose a bifurcated sentence … and the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years." *Id.* "The

general rule is that the word 'shall' is presumed mandatory when it appears in a statute." ***Rotfeld v. DNR***, 147 Wis. 2d 720, 726, 434 N.W.2d 617 (Ct. App. 1988) (citation omitted).

¶17    However, the trial court also chose to make Gramza eligible for the SAP. The statute regulating that program also contains mandatory language:

> Upon being informed by the [DOC] that an inmate whom the court sentenced … has successfully completed a [SAP], the court *shall* modify the inmate's bifurcated sentence as follows:
>
> a.    The court shall reduce the term of confinement in prison portion of the inmate's bifurcated sentence in a manner that provides for the release of the inmate to extended supervision within 30 days of the date on which the court receives the information from the [DOC].
>
> b.    The court shall lengthen the term of extended supervision imposed so that the total length of the bifurcated sentence originally imposed does not change.

WIS. STAT. § 302.05(3)(c)2. (emphasis added).

¶18    Because the trial court made Gramza eligible for the SAP without providing any explicit conditions on that eligibility, there is a conflict in attempting to apply the provisions of both of these relevant statutes. "When two statutes conflict, a court is to harmonize them … [by] scrutinizing both statutes and construing each in a manner that serves its purpose." ***State v. Szulczewski***, 216 Wis. 2d 495, 503, 574 N.W.2d 660 (1998).

¶19    Gramza argues, as the DOC asserted in its brief to the circuit court, that these statutes can be harmonized by interpreting the OWI-7th statute as only requiring that the mandatory minimum term of initial confinement be *imposed*, since the statute does not state a requirement that this term must be fully *served*. Gramza further contends that this argument is supported by the fact that the SAP statute,

which excludes participation of defendants who are convicted of certain crimes, does not exclude the participation of anyone convicted under the OWI-7th statute.

¶20 In conducting statutory interpretation, the legislative intent of a statute is "primarily deduced from the language which the legislature has chosen to use." *See* ***Fond Du Lac Cnty. v. Town of Rosendale***, 149 Wis. 2d 326, 332, 440 N.W.2d 818 (Ct. App. 1989). However, our supreme court previously interpreted an earlier version of the OWI-7th statute in ***State v. Williams***, 2014 WI 64, 355 Wis. 2d 581, 852 N.W.2d 467, which provides some guidance for our analysis here.

¶21 In ***Williams***, the issue was whether the statute in question required a sentencing court to impose a bifurcated sentence.[3] ***Id.***, ¶3. The court found the earlier version of the statute to be ambiguous on this issue, and turned to the legislative history of the statute for guidance in its interpretation. ***Id.***, ¶19. As relevant here, the court noted the "general trend" of the legislature toward mandating "harsher mandatory minimum sentences" by "increasing penalties depending on the number of OWIs the offender has committed[.]" ***Id.***, ¶30. Furthermore, the court quoted the Legislative Reference Bureau's analysis of the amendment that increased the minimum term of initial confinement for a conviction under this statute: "[t]he substitute amendment requires a person who commits a seventh, eighth, or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence[.]" ***Id.***, ¶40 (emphasis added; footnote omitted).

---

[3] While this court's decision in ***State v. Williams*** was being reviewed by our supreme court, the legislature amended the OWI-7th statute to include language clarifying the requirement that a bifurcated sentence must be imposed in those cases. *See* ***id.***, 2014 WI 64, ¶¶56-58, 355 Wis. 2d 581, 852 N.W.2d 467 (Abrahamson, C.J., concurring).

¶22    This analysis by the ***Williams*** court is effectively fatal to Gramza's argument that the OWI-7th statute should be interpreted as mandating only that a three year term of initial confinement be *imposed*, without requiring that this term be fully *served*. In conducting statutory interpretation, we must construe a statute "reasonably, to avoid absurd or unreasonable results." *See **Kalal***, 271 Wis. 2d 633, ¶46. To adopt the interpretation argued by Gramza would ignore the legislative history of the statute described in ***Williams***; namely, the intent of the legislature to increase the penalties for multiple OWI convictions by mandating a minimum term of initial confinement that must be served. *See **id.***, 355 Wis. 2d 581, ¶¶30, 40. Such an interpretation would lead to the unreasonable result of allowing the mandatory minimum sentence for an OWI-7th conviction to be circumvented, directly contradicting the intent of the legislature. *See **Kalal***, 271 Wis. 2d 633, ¶46.

¶23    Turning to the SAP statute, Gramza argues that because that statute does not exclude from participation those convicted of an OWI-7th, *see* WIS. STAT. § 302.05(3)(a)1., this indicates that the legislature intended for the provisions of the SAP statute to be applied—without fail—to those convicted of that crime upon the successful completion of the program, even when the mandatory minimum term of initial confinement has not been fully served. We disagree.

¶24    The conflict between the OWI-7th statute and the SAP statute in this case arose in part because of how Gramza's sentence was fashioned: the trial court imposed the three year mandatory minimum term of initial confinement while also making Gramza eligible for the SAP, without placing any conditions on that eligibility. Since Gramza completed the SAP only six months into his sentence, it is therefore not possible to construe the SAP statute to exercise its full effect— granting him early release to extended supervision—while still meeting the OWI-7th statute's requirement of serving the full three year term of initial confinement.

*Compare State v. Lynch*, 2006 WI App 231, ¶18, 297 Wis. 2d 51, 724 N.W.2d 656 ("While one purpose of the [SAP] is undoubtedly to encourage inmates to participate in treatment for substance abuse, it is also significant that the result of successful participation is a reduction in the time a convicted person must serve in confinement.") *with* **Williams**, 355 Wis. 2d 581, ¶40 (interpreting the OWI-7th statute as requiring "a person who commits a seventh, eighth, or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence" (emphasis added; footnote omitted)).

¶25    However, we note that a defendant convicted of an OWI-7th who receives a term of initial confinement that is *longer* than the mandatory minimum would be able to benefit from the SAP statute's early release provision.  In other words, there are conditions under which the requirements of both statutes could be applied which would allow for both statutes to fully serve their purposes.  *See Szulczewski*, 216 Wis. 2d at 503.

¶26    We therefore conclude that the most reasonable interpretation of these statutes, when considered in conjunction with each other under these circumstances, is that the mandatory minimum term of initial confinement of the OWI-7th statute must be served in full by Gramza, regardless of his successful completion of the SAP.  *See Kalal*, 271 Wis. 2d 633, ¶46.

¶27    Gramza further contends that because the trial court granted him eligibility for the SAP, the subsequent denial of his release upon successful completion is a double jeopardy violation.  The constitutional guarantee against double jeopardy prohibits increasing a sentence that has already been imposed "'[i]f a defendant has a legitimate expectation of finality'" with regard to that sentence. *State v. Jones*, 2002 WI App 208, ¶9, 257 Wis. 2d 163, 650 N.W.2d 844 (citation

omitted; brackets in ***Jones***). "Whether an individual's constitutional right to be free from double jeopardy has been violated is a question of law that this court reviews *de novo*." ***State v. Robinson***, 2014 WI 35, ¶18, 354 Wis. 2d 351, 847 N.W.2d 352 (citation omitted).

¶28 Gramza's argument is not compelling. The record indicates that the trial court very clearly explained at Gramza's sentencing hearing that it was required to impose a three year mandatory minimum term of initial confinement for his OWI-7th conviction. In fact, the court made several comments relating to this mandatory minimum term, including a remark that even considering Gramza's age at that time—fifty-seven years old—he would still have "plenty of life left" after serving the term of initial confinement. Thus, Gramza's assertion that he had a legitimate expectation of serving less than the three year term is not supported by the record. *See **Jones***, 257 Wis. 2d 163, ¶9.

¶29 Furthermore, we have already concluded that the most reasonable interpretation of the OWI-7th statute is that the three year mandatory minimum term of initial confinement must be served in full. Therefore, Gramza's double jeopardy argument—which relies on the incorrect presumption that he was entitled to early release under the SAP despite that mandatory minimum term—fails.

¶30 Accordingly, we affirm the order of the circuit court denying Gramza's request for sentence modification upon his successful completion of the SAP.

*By the Court.*—Order affirmed.