COURT OF APPEALS
DECISION
DATED AND FILED

September 28, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP2120**

Cir. Ct. No. **2022SC2323**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

CARL WILSON AND GINA LEWIS-WILSON,

  PLAINTIFFS-APPELLANTS,

 V.

LEONARD REED AND LENIDA PROPERTIES INC.,

  DEFENDANTS-RESPONDENTS.

           APPEAL from a judgment of the circuit court for Dane County: FRANK D. REMINGTON, Judge. *Affirmed*.

           ¶1     TAYLOR, J.[1]   This appeal arises from a residential tenancy dispute. Tenants Carl Wilson and Gina Lewis-Wilson (collectively, the "Wilsons") moved

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

out of an apartment they leased for over four years from Lenida Properties, Inc. and Leonard Reed.[2]  The issues raised in this appeal are the timely return of the Wilsons' security deposit and whether they owed an additional month's rent.

¶2      The circuit court ruled in favor of Reed on both issues and entered judgment against the Wilsons in the amount of $784.28.[3]  The Wilsons appeal. For the reasons explained below, I affirm.

## BACKGROUND

¶3      In 2017, the Wilsons entered into a one-year written lease with Lenida Properties for the rental of an apartment in Fitchburg ("the apartment"). The Wilsons paid $875 per month in rent and provided $875 as a security deposit.[4] The Wilsons continued to reside in the apartment after their one-year written lease expired, after which, the parties agree, their tenancy became an unwritten, month-to-month, periodic tenancy[5] under the same rental terms.  The Wilsons continued to pay $875 per month in rent.

---

[2]  The record appears to show that Lenida Properties, Inc., is the landlord and Reed is that entity's owner.  The parties have proceeded throughout this case, however, as though Reed is the landlord, with claims made against him in his individual capacity.  Following the parties' lead, I refer to Reed as the landlord, without making any determination as to whether Reed was properly made a party in this case.

[3]  This amount includes one month of back rent, as well as various damages, including those based on the condition of the apartment when the Wilsons vacated.  Because the Wilsons do not appeal the circuit court's damages determination, I do not address that issue.

[4]  Conflicting testimony was introduced as to whether the $875 monthly rent payment reflected an "early pay discount"; however, it is undisputed that the Wilsons regularly paid this monthly amount.

[5]  WISCONSIN STAT. § 704.01(2) states "'[p]eriodic tenant' means a tenant who holds possession without a valid lease and pays rent on a periodic basis.  It includes a tenant from day-to-day, week-to-week, month-to-month, year-to-year or other recurring interval of time, the period being determined by the intent of the parties under the circumstances, with the interval

(continued)

2

¶4    In January 2022, Reed distributed a letter to all of his tenants (the "rent letter") informing them that rent would be raised by $50 per month, "beginning on April 1st 2022." The rent letter asked tenants to indicate, by checking one of two boxes, whether the tenant accepted the rent increase and needed to review and sign the new lease, or whether the tenant did "not accept the new rental amount and will be sending proper notification."

¶5    Though Gina Lewis-Wilson testified that the Wilsons never received the rent letter and therefore never completed it, at some point they became aware of the rent increase, which they determined they did not want to pay due to unresolved maintenance issues in their apartment. The Wilsons testified that on March 30, 2022, they met with Reed and unequivocally told Reed that they intended to move out. Reed denied that the Wilsons communicated this intent. At trial, the Wilsons played an audio recording that they represented was a portion of this conversation, which was only partially transcribed in the record because of poor audio quality.[6] The conversation concerns whether the Wilsons would sign a new lease. Reed states that he would return another day to review the lease with them and that the "ball's in your court" as to their decision about staying in the apartment.

_____

between rent-paying dates normally evidencing that intent." Because the Wilsons' periodic tenancy was on a month-to-month basis, I refer to it as a month-to-month tenancy.

[6] This recording is not part of the appellate record. Although the Wilsons filed a motion asking the circuit court to supplement the appellate record with a flash drive containing the audio recording and the court granted the Wilsons' motion, the flash drive the Wilsons provided to supplement the appellate record contained an audio recording of a different conversation. I will therefore rely on the trial transcript's reproduction of this conversation.

¶6     On April 30, 2022, one month after this conversation, the Wilsons removed all of their belongings and vacated the apartment. Reed testified that he learned of their departure that day from another tenant. The Wilsons did not pay the May 2022 rent.

¶7     Reed mailed the Wilsons' security deposit, less deductions for repairs and cleaning, on May 17, 2022. The post office returned the mailing to Reed due to an insufficient address, namely that it was missing the Wilsons' apartment number. On May 31, 2022, Reed resent the security deposit to the Wilsons' complete address.

¶8     On June 7, 2022, the Wilsons filed this action, seeking double damages for the late return of their "full security deposit" pursuant to WIS. ADMIN. CODE § ATCP 134.06 and WIS. STAT. § 100.20(5).[7] A hearing was set before a court commissioner. Because of alleged computer difficulties, Reed failed to appear at the hearing, which was held via videoconference, and the Wilsons obtained a default judgment. Reed moved to reopen the judgment, and this motion was granted. Reed requested and received a de novo hearing before the circuit court, where Reed pursued a counterclaim alleging that the Wilsons owed back rent for May 2022. The court agreed that the Wilsons' tenancy continued through May 31, 2022, determining that because the Wilsons had not given legally sufficient notice to terminate their tenancy as of May 1, Reed was entitled to

---

[7] *See* **Armour v. Klecker**, 169 Wis. 2d 692, 698, 486 N.W.2d 563 (Ct. App. 1992) ("[I]f a court determines that a landlord has violated [WIS. ADMIN. CODE ATCP § 134.06], it is required under the plain unambiguous language of [WIS. STAT. §] 100.20(5) … to award double damages and attorney fees.").

4

collect back rent for the month of May 2022. The court also rejected the Wilsons' argument that Reed failed to timely return their security deposit.

¶9      I reference additional facts as needed below.

## DISCUSSION

¶10      The Wilsons argue that the circuit court erred by determining: (1) that their tenancy terminated on May 31, 2022, rather than on their move-out date of April 30, 2022, and that they therefore owed an additional month's rent; and (2) that Reed did not violate WIS. ADMIN. CODE § ATCP 134.06(2)'s provisions governing the timely return of a tenant's security deposit.

¶11      The Wilsons do not specify the standard of review. Their primary argument appears to be based on an interpretation of WIS. STAT. § 799.209(1),[8] which governs the procedure in small claims actions applicable in the current case. Statutory interpretation is a question of law which I review de novo. *State v. Gramza*, 2020 WI App 81, ¶15, 395 Wis. 2d 215, 952 N.W.2d 836. To the extent that the Wilsons challenge the circuit court's findings of fact, I uphold a court's factual findings unless clearly erroneous, with "due regard" given to the court's determination of witness credibility. WIS. STAT. § 805.17(2); *Phelps v. Physicians Ins. Co. of Wisconsin, Inc.*, 2009 WI 74, ¶39, 319 Wis. 2d 1, 768 N.W.2d 615.

---

[8] WISCONSIN STAT. § 799.209(1) provides that "[t]he court or circuit court commissioner shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts."

I.      Tenancy Termination Date

¶12     The Wilsons challenge the circuit court's determination that their tenancy terminated on May 31, 2022. They argue that they properly vacated the premises when their month-to-month tenancy concluded on April 30, 2022, and they should not be liable for the May 2022 rent as ordered by the court.

¶13     The parties agree that the Wilsons had a month-to-month tenancy, and they also agree that the termination notice provisions of WIS. STAT. § 704.19 apply to that tenancy. Generally, termination of a month-to-month tenancy by notice under § 704.19 is effective only at the "end of a rental period," and with at least twenty-eight days' written notice. Sec. 704.19(2)(b), (3). Section 704.19 sets forth other formal notice requirements that must typically be met for either a landlord or a tenant to terminate a month-to-month tenancy, including a requirement that such notice be in writing.[9] There are exceptions, however, to the in-writing requirement when "[t]ermination has been effected by a surrender of the premises" or when the parties "agreed expressly" to another termination method. Sec. 704.19(2)1.-2.

¶14     At trial, the Wilsons testified that on March 30, 2022, they orally informed Reed that they were moving out. Reed testified that the Wilsons never told him they were vacating the premises, that it was a "surprise" to him, and that he never received written notice. The circuit court considered whether the tenancy was terminated under the exception in WIS. STAT. § 704.19(2)1., which requires that the parties "have agreed expressly upon another method of termination and

---

[9] *See* WIS. STAT. § 704.19(4) (requiring notice to be "in writing, formal or informal").

the parties' agreement is established by clear and convincing proof." The court considered the parties' testimony and determined that the Wilsons had not met their burden to show an express agreement existed between the parties to terminate the tenancy at the end of April. Accordingly, the court determined that the Wilsons "didn't give notice and the first notice of [their] departure would have been on the day [they] moved out," which extended their obligation to pay rent through May 31, 2022.[10]

A. Interpretation of WIS. STAT. § 799.209(1)

¶15 The Wilsons argue that the circuit court erred in determining that their tenancy continued through May 31, 2022, because it failed to consider "all evidence in the record on this point" and "to examine witnesses to the extent reasonably required for full and true disclosure of the facts" as required by WIS. STAT. § 799.209(1). Section 799.209(1) provides that the court "shall conduct the proceeding informally, allowing each party to present arguments and proofs and to examine witnesses to the extent reasonably required for full and true disclosure of the facts." Specifically, the Wilsons argue that the court violated § 799.209(1) by failing to consider and conduct an inquiry into the rent letter, which they allege constituted a legal termination notice pursuant to WIS. STAT. §704.19(2)(a), (3)

---

[10] The circuit court's ruling appears to be based on WIS. STAT. § 704.19(6), which provides that if a periodic tenant vacates without proper notice and fails to pay rent, "such tenancy is terminated as of the first date on which it would have terminated had the landlord been given proper notice on the day the landlord learns of the removal." Reed testified that he learned the Wilsons had moved out on April 30, 2022. The tenancy could not terminate on that date because at least 28 days' notice must be given and termination must occur at the end of a rental period. See WIS. STAT. § 704.19(2)(b) and (3). The court presumably found that the Wilsons' tenancy therefore terminated at the end of the next monthly rental period, or on May 31, 2022.

and (4).[11] They contend that because the April 1, 2022 month-to-month termination date specified in the rent letter fell at the beginning of the rental period rather than at the end, as required by § 704.19(5), the terms of this statute kick in to terminate their tenancy as of April 30, 2022, the last day of the rental period and the day they vacated.[12] In the alternative, the Wilsons contend that the court should have considered the rent letter together with the parties' March 30, 2022 conversation to find that the parties reached an express agreement terminating the tenancy as of April 30, 2022.

¶16    The Wilsons, however, did not present either of these arguments regarding the rent letter before the circuit court. "Arguments raised for the first time on appeal are generally deemed forfeited." ***Tatera v. FMC Corp.***, 328 Wis. 2d 320, ¶19 n.16, 786 N.W.2d 810 (2010). The Wilsons attempt to evade the forfeiture rule by arguing that the court had an affirmative obligation under WIS. STAT. § 799.209(1) to "inquire" into the rent letter and develop an argument about its legal effect on their behalf.

¶17    The Wilsons cite no authority supporting their argument that WIS. STAT. § 799.209(1) requires the circuit court to conduct this sort of independent

---

[11] Pursuant to WIS. STAT. § 704.19(2)(a), "a periodic tenancy or a tenancy at will can be terminated by either the landlord or the tenant only by giving to the other party written notice complying with this section." Section 704.19(3) provides that "[a]t least 28 days' notice must be given." Section 704.19(4) proves that [n]otice must be in writing, formal or informal, and substantially inform the other party to the landlord-tenant relation of the intent to terminate the tenancy and the date of termination."

[12] WISCONSIN STAT. § 704.19(5) states "[i]f a notice provides that a periodic tenancy is to terminate on the first day of a succeeding rental period rather than the last day of a rental period, and the notice was given in sufficient time to terminate the tenancy at the end of the rental period, the notice is valid … but not effective until the first date which could have been properly specified in such notice subsequent to the date specified in the notice."

factual "inquiry," and the language of that statute itself contradicts such an interpretation. Rather, § 799.209(1) provides that the court shall allow "each party" to present arguments and evidence "as reasonably required" under the circumstances. It is the *parties* who develop their own arguments and establish the factual record in a small claims proceeding, like other civil proceedings.

¶18 Further, the circuit court did consider the rent letter, which was admitted as an exhibit at trial, and conducted an inquiry about it. More specifically, the court made this inquiry in the context of evaluating and rejecting an argument by Reed that the Wilsons owed the increased rent of $925 for April and May. The court reasoned as follows:

> But you gave them the choice, if they pay the rent and then give a 28-day notice, then they don't have to pay [the increased rate of rent]. I'm just going off of the language, even though it says this form is not a lease and has no legal binding [effect], only when you review and sign the new lease will the new rate go into effect on the date specified. Well, it can't go into the rate on the date specified because he never presented them with a new lease.

¶19 The circuit court determined that the rent letter did not result in the Wilsons being responsible for the increase in rent for April and May 2022. Thus, the court did, in fact, make an "inquiry" into the rent letter. Nothing in WIS. STAT. § 799.209(1) creates an obligation for circuit courts to consider and develop any potential legal arguments not presented by the parties.[13] Such a requirement could grind circuit courts to a halt in small claims proceedings and remove them from the arena of independence into the role of an advocate. *See State v. Garner*, 54

---

[13] Although the Wilsons proceeded pro se at the de novo hearing, "pro se litigants are bound to the same procedural law as attorneys." *Townsend v. Massey*, 2011 WI App 160, ¶27 & n.5, 338 Wis. 2d 114, 808 N.W.2d 155. The Wilsons have not explained why this general rule should not apply here.

Wis. 2d 100, 104, 194 N.W.2d 649 (1972) (a judge "should not take an active role in trying the case" or act as an "advocate" for any party).

¶20    Thus, the circuit court had no legal obligation under WIS. STAT. § 799.209(1) to conduct an independent "inquiry" into all potential legal effects of the rent letter absent an argument from the parties.  Because the Wilsons' arguments about the legal effect of the rent letter appear to depend on this faulty premise, I accordingly reject those arguments.

¶21    Additionally, I conclude that the Wilsons forfeited their arguments about the legal effects of the rent letter by failing to raise them in the circuit court.

B. Express Agreement Under WIS. STAT. § 704.19(2)(a)1.

¶22    In the alternative, the Wilsons argue that regardless of whether the rent letter was itself a legally effective termination notice, the circuit court should nevertheless have realized that this letter "interacted with the March 30 'ball's in your court' meeting" to show that the parties reached an "express agreement" to terminate the tenancy under WIS. STAT. § 704.19(2)(a)1.  The Wilsons argue that the court's finding that no such "express agreement" was reached was erroneous. Although I reject the Wilsons' argument about the legal impact of the rent letter for the reasons stated above, I nevertheless consider the merits of the Wilsons' argument that the parties reached an express agreement to terminate the tenancy.

¶23    A party seeking to show that a tenancy was orally terminated has the burden to come forward with "clear and convincing evidence" that the parties "have agreed expressly upon another method of termination."  WIS. STAT.

§ 704.19(2)(a)1.  I assume without deciding that whether the parties entered into an agreement under § 704.19(2)(a)1. is a question of fact.[14]  A circuit court's factual findings will not be set aside unless "clearly erroneous."  WIS. STAT. § 805.17(2).  "[A] finding of fact is clearly erroneous when 'it is against the great weight and clear preponderance of the evidence.'"  *Phelps*, 319 Wis. 2d 1, ¶39 (quoted source omitted).

¶24     The Wilsons fail to explain how the evidence of the purported oral agreement was "clear and convincing," and how the circuit court's finding was "clearly erroneous" or contrary to the "great weight and clear preponderance of the evidence."  I therefore reject the Wilsons' arguments because they are insufficiently developed and neglect to cite any relevant legal authority.  *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (the court of appeals need not consider undeveloped arguments or arguments unsupported by legal authority).

¶23     But the Wilsons' argument also fails on its own terms.  Their overall point appears to be that the rent letter, taken in conjunction with evidence presented about the parties' "ball's in your court" conversation on March 30, 2022, constitutes an express termination agreement satisfying WIS. STAT.

---

[14]  Reed argues that this determination should be evaluated as a question of fact, citing case law for the proposition that whether the parties intend to enter into an oral contract is a question of fact.  *National Steel Serv. Ctr., Inc. v. Wollin Silos & Equip., Inc.*, 92 Wis. 2d 133, 138, 284 N.W.2d 606 (1979).  The Wilsons make no reply to this argument by Reed, and I deem their failure to respond to be a concession.  *See United Co-op. v. Frontier FS Co-op.*, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (lack of a reply to respondent's arguments may be taken as a concession).

§ 704.19(2)(a)1.[15] In support of this argument, the Wilsons testified that they told Reed in the March 30, 2022 conversation that they would be moving out at the end of the following month (although Reed disputes this and testified that their leaving was a "surprise"). The Wilsons argue that Reed's statement during this conversation—that the "ball's in your court" as to termination—is evidence of Reed's agreement to termination on April 30, 2022, without written notice.

¶24 The Wilsons fail, however, to adequately explain how this statement is evidence of Reed's express agreement to anything—it appears merely to be an acknowledgement that the Wilsons have the right to terminate the tenancy and that it was their decision. Although the Wilsons contend that the rent letter supports their argument, the rent letter itself actually asks tenants who do not accept the rent increase to "send[] proper notification," which appears to be a reference to a legally sufficient written termination notice. Thus, the rent letter appears to support the conclusion that Reed would *not* have accepted oral notice. And in further support of this point, Reed testified at the hearing that he would not have permitted the Wilsons to orally terminate their tenancy.

¶25 The circuit court had trouble hearing the audio recording of a portion of the parties' March 30, 2022 conversation introduced and played at the hearing, but it found that Reed's "ball's in your court" comment, coupled with the Wilsons' oral notice of their intent to move, did not constitute clear and convincing proof of an express agreement between the parties or another, nonwritten method of

---

[15] The Wilsons also argue that Reed's failure to commence an eviction action against them at the beginning of March 2022 was evidence that the parties later reached an express agreement on another method of termination. This argument is underdeveloped, unpersuasive, and was not presented to the circuit court. For these reasons, I reject it.

termination in satisfaction of WIS. STAT. § 704.19(2)(a)1. The Wilsons have not shown that this finding is clearly erroneous.

¶26    For the above reasons, I reject the Wilsons' arguments and affirm the circuit court's ruling that the Wilsons' tenancy extended until May 31, 2022, and Reed was therefore entitled to back rent for May.

II.    Security Deposit

¶27    The Wilsons also challenge the circuit court's determination that Reed failed to timely return their security deposit of $875. Their arguments on this issue fail because they rely on the premise (which I have already rejected) that their tenancy terminated on April 30, 2022.

¶28    WISCONSIN ADMIN. CODE § ATCP 134.06(2) governs the amount of time a residential landlord has to return a tenant's security deposit after termination of the tenancy. Under that provision, a landlord has twenty-one days to "deliver or mail" a tenant's security deposit, and this period begins to run on different dates depending on the circumstances. Sec. ATCP 134.06(2). If the tenant "vacates the premises or is evicted before termination date of the rental agreement," the twenty-one-day period begins to run on "the date on which the tenant's rental agreement terminates," unless the landlord re-rents the premises before that date. Sec. ATCP 134.06(2)(b).

¶29    After the Wilsons moved out on April 30, 2022, Reed and Carl Wilson had a phone conversation a few days later in which Carl provided the Wilsons' new address. Carl testified that he provided the apartment number, while Reed testified that he did not.

¶30    On May 17, 2022, Reed mailed the Wilsons' security deposit (minus certain deductions for cleaning and repairs) to the Wilsons' new address, absent an apartment number.  Later that same day, Reed received a text from Carl providing the Wilsons' new address, including the apartment number.  On May 31, after receiving the security deposit back as undeliverable for insufficient address, Reed resent the security deposit, this time including the apartment number.

¶31    Before the circuit court, the proceedings pertaining to the alleged WIS. ADMIN. CODE § ATCP 134.06(2) violation focused on credibility disputes regarding whether Carl did in fact give Reed the Wilsons' apartment number over the phone prior to May 17 as he alleged.  The court ultimately determined that Reed was more credible on this point.

¶32    The Wilsons make numerous arguments to the effect that the circuit court erroneously "relieved [Reed] of the requirement to comply" with WIS. ADMIN. CODE § ATCP 134.06.  All of these arguments, however, depend on the premise that the Wilsons' tenancy terminated on April 30, 2022, and that Reed was therefore required under § ATCP 134.06(2)(a) to deliver or mail the Wilsons their security deposit by May 21, 2022.  For the reasons explained above, I reject the Wilsons' arguments on that issue and determine that the court did not err in ruling that the Wilsons' tenancy terminated a month later, on May 31, 2022.  Accordingly, Reed had until twenty-one days after that date (until June 21) to deliver or mail the security deposit.  *See* § ATCP 134.06(2)(b).  There is no dispute that Reed properly mailed the security deposit to the Wilsons on May 31, 2022, well before that deadline.

¶33 Because I reject the Wilsons' arguments on the tenancy termination date, I therefore reject the Wilsons' arguments that Reed violated WIS. ADMIN. CODE § ATCP 134.06 and affirm the circuit court's determination.

## CONCLUSION

¶34 For the reasons explained above, I reject the Wilsons' arguments and affirm the circuit court's judgment of $784.28 in favor of Reed and Lenida Properties.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.