COURT OF APPEALS
DECISION
DATED AND FILED

October 29, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2023AP1371-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF59

IN COURT OF APPEALS
DISTRICT II

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

ANGELA R. JOSKI,

DEFENDANT-RESPONDENT.

APPEAL from an order of the circuit court for Walworth County: DANIEL S. JOHNSON, Judge. *Reversed*.

Before Gundrum, Grogan, and Lazar, JJ.

¶1    GUNDRUM, J.    The State appeals from an order of the circuit court granting Angela R. Joski's petition for sentence adjustment pursuant to WIS. STAT.

§ 973.195 (2023-24)[1], which statute offers an opportunity for early release from confinement. The State asserts the court erred in granting the petition because it resulted in Joski's release prior to her having served the full three years of initial confinement ordered at sentencing on her conviction for operating a motor vehicle while intoxicated (OWI)-seventh offense. The State insists that pursuant to ***State v. Gramza***, 2020 WI App 81, ¶24, 395 Wis. 2d 215, 952 N.W.2d 836, "Joski must fully serve the [mandatory minimum three-year] term of initial confinement prescribed by [WIS. STAT. §] 346.65 [for an OWI-seventh conviction] 'regardless of' the early release option under" § 973.195. We agree and reverse.

## *Background*

¶2     Joski's conviction for OWI seventh is a Class G felony.[2] WISCONSIN STAT. § 346.65(2)(am)6. states that for a person so convicted,

> [t]he court shall impose a bifurcated sentence under [WIS. STAT. §] 973.01 and the confinement portion of the bifurcated sentence *imposed* on the person shall be not less than 3 years.

(Emphasis added.) At sentencing, the circuit court imposed on Joski the minimum term of confinement allowed by this statute, sentencing her to three years of initial confinement, followed by five years of extended supervision.

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[2] In this case, Joski was arrested for operating while intoxicated on May 1, 2016. At the time, an OWI-seventh, -eighth and -ninth offense was a Class G felony. WIS. STAT. § 346.65(2)(am)6. (2013-14). Effective January 1, 2017, an OWI-seventh, -eighth, and -ninth offense was changed to a Class F felony. 2015 Wis. Act 371, §§ 8, 19. This change affects nothing relevant to this decision.

¶3    After serving approximately two years and three months in confinement, Joski petitioned the circuit court for sentence adjustment under WIS. STAT. § 973.195. As relevant to this case, that statute provides:

> [A]n inmate who is serving a [bifurcated sentence of confinement and extended supervision] for a crime *other than a Class B felony* may petition the sentencing court to adjust the sentence if the inmate has served at least [75 percent] of the term of confinement in prison portion of the sentence.

Sec. 973.195(1g), (1r)(a) (emphasis added). Section 973.195(1r)(g)1. provides that if the sentencing court adjusts an inmate's sentence by reducing his or her term of confinement in prison, it must also order "a corresponding increase in the term of extended supervision."

¶4    WISCONSIN STAT. § 973.195(1r)(b)1. and 5. identify the following specific grounds for a petition for sentence adjustment: "[t]he inmate's conduct, efforts at and progress in rehabilitation, or participation and progress in education, treatment, or other correctional programs since he or she was sentenced," and "otherwise in the interests of justice." Consistent with these provisions, Joski submitted documentation with her petition that indicated her positive conduct, treatment, and progress in rehabilitation, including the completion of correctional programming.

¶5    The State objected to Joski's petition, noting that "the three years of confinement that were ordered [at sentencing] represents the mandatory minimum for the charge." Nonetheless, the circuit court determined that it was "in the public interest" to grant Joski's petition, and it did so, thereby reducing the confinement portion of her sentence to less than three years and correspondingly adding that time to the extended supervision portion of her sentence.

3

¶6    The State appeals.

### *Discussion*

¶7    Relying on our decision in *Gramza*, 395 Wis. 2d 215, the State asserts the circuit court erred in granting Joski's petition for sentence adjustment because doing so had the effect of reducing the confinement portion of her sentence to less than the three-year-mandatory-minimum term WIS. STAT. § 346.65(2)(am)6. requires a court to impose on a defendant convicted of OWI-seventh offense. We conclude *Gramza* controls the outcome in this case, and based on that decision, the State is correct.

¶8    Like Joski, Gramza was convicted of OWI-seventh offense and was subjected to the requirement that the circuit court impose on him a bifurcated sentence with a term of initial confinement of no less than three years. *Gramza*, 395 Wis. 2d 215, ¶2. Like the circuit court in the present case, the court in *Gramza* sentenced Gramza to the minimum of three years of initial confinement. *Id.*, ¶7. At the same time, however, the court also made Gramza eligible for the statutory Substance Abuse Program (SAP). *Id.* Upon successful completion of the SAP, similar to the operation of the WIS. STAT. § 973.195 sentence adjustment provision, a defendant is to be released from confinement and his or her sentence modified so that the remaining period of confinement is converted to extended supervision time. *See Gramza*, 395 Wis. 2d 215, ¶1; WIS. STAT. § 302.05(3)(c)2.

¶9    Approximately six months into serving his sentence, Gramza completed the SAP, and the Department of Corrections requested that the circuit court authorize his release from confinement and convert his remaining confinement time to extended supervision time. *Gramza*, 395 Wis. 2d 215, ¶¶2, 8. Relying upon WIS. STAT. § 346.65(2)(am)6., the court denied this request on the

basis that Gramza would then not have served the full three years of confinement imposed at sentencing pursuant to that statute. *Gramza*, 395 Wis. 2d 215, ¶¶3, 12-14.

¶10 On appeal, we noted the conflict in attempting to apply both the three-year-mandatory-minimum confinement statute and the SAP statute to the facts before us. *Id.*, ¶¶15, 18. As we phrased it, Gramza argued that these statutes could be harmonized "by interpreting the OWI-7th statute as only requiring that the mandatory minimum term of initial confinement be *imposed*, since the statute does not state a requirement that this term must be fully *served*." *Id.*, ¶19. He further argued, as we phrased it, that

> because [the SAP] statute does not exclude from participation those convicted of an OWI-7th, … this indicates that the legislature intended for the provisions of the SAP statute to be applied—without fail—to those convicted of that crime upon the successful completion of the program, even when the mandatory minimum term of initial confinement has not been fully served.

*Id.*, ¶23. We rejected Gramza's arguments.

¶11 Despite recognizing that the OWI-seventh statute states only that three years of initial confinement must be "imposed" by a circuit court on a person convicted of that statute, we nonetheless concluded that Gramza's reliance on the legislature's use of the word "imposed" "would lead to the unreasonable result of allowing the mandatory minimum sentence for an OWI-7th conviction to be circumvented, directly contradicting the intent of the legislature" to "increase the penalties for multiple OWI convictions by mandating a minimum term of initial confinement that must be *served*." *Id.*, ¶¶16, 19, 22 (emphasis added). We thus flatly read the legislature's requirement in WIS. STAT. § 346.65(2)(am)6. that a circuit court "impose" on an OWI-seventh defendant a confinement portion of not

less than three years as meaning that such a defendant must "serve[]" no less than three years in confinement. *Gramza*, 395 Wis. 2d 215, ¶22. We reiterated later in the decision that § 346.65(2)(am)6. "require[s]" that a defendant "*serv*[*e*] the full three year term of initial confinement"[3] and stated, in a parenthetical, that our supreme court in *State v. Williams*, 2014 WI 64, ¶40, 355 Wis. 2d 581, 852 N.W.2d 467, "*interpret*[*ed*] the OWI-7th statute as *requiring* 'a person who commits a seventh, eighth or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence.'"[4]

---

[3] The full sentence reads: "Since Gramza completed the SAP only six months into his sentence, it is therefore not possible to construe the SAP statute to exercise its full effect— granting him early release to extended supervision—while still meeting the OWI-7th statute's requirement of serving the full three year term of initial confinement." *State v. Gramza*, 2020 WI App 81, ¶24, 395 Wis. 2d 215, 952 N.W.2d 836.

[4] While we are bound by *Gramza*, this parenthetical is erroneous, as the *Williams* court did not actually "interpret[]" the OWI-seventh statute in this way. *See Gramza*, 395 Wis. 2d 215, ¶24. Instead, the *Williams* court concluded that WIS. STAT. § 346.65(2)(am)6. "requires [the circuit] court to impose a bifurcated sentence" and that the sentence must include "at least three years of initial confinement." *State v. Williams*, 2014 WI 64, ¶47, 355 Wis. 2d 581, 852 N.W.2d 467. In so concluding, the court pointed to a *Legislative Reference Bureau* (LRB) analysis that stated: "The substitute amendment requires a person who commits a seventh, eighth, or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence …." *Id.*, ¶40 (emphasis added; footnote omitted) (citing Drafting File, 2009 Wis. Act 100, *Analysis by the Legislative Reference Bureau* of Substitute Amendment 1 for 2009 S.B. 66, Legislative Reference Bureau, Madison, Wis.).

(continued)

*Gramza*, 395 Wis. 2d 215, ¶24 (last alteration and last emphasis in original). We ultimately concluded that Gramza was required to serve the full three years of confinement "regardless of his successful completion of the SAP." *Id.*, ¶26.

¶12 As noted, the circuit court in *Gramza* made Gramza eligible for the potentially confinement-reducing SAP at the same time it imposed the mandatory minimum of three years of confinement, at sentencing. *Id.* By contrast, the potentially confinement-reducing sentence adjustment statute does not even come into play until a defendant has served 75 percent of the confinement portion of his or her sentence, so generally, years after sentencing. This difference could provide a meaningful distinction between this case and *Gramza*; however, due to the particular manner in which we decided *Gramza*, it ultimately does not.

¶13 While made in the context of our rejection of Gramza's proposed harmonizing of the SAP statute with WIS. STAT. § 346.65(2)(am)6., our statement in *Gramza* that § 346.65(2)(am)6.'s text, which provides that "[t]he [circuit] court shall impose a bifurcated sentence under [WIS. STAT. §] 973.01 and the

---

At one point in *Gramza*, we recognized that the *Williams* court was "quot[ing] the [LRB]'s analysis," but then we appeared to lose sight of this. *Gramza*, 395 Wis. 2d 215, ¶21. For clarity, it was the LRB, not the *Williams* court, that "*interpret*[*ed*] the OWI-7th statute as requiring 'a person who commits a seventh, eighth, or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence.'" *Gramza*, 395 Wis. 2d 215, ¶24 (second alteration and second emphasis in original) (quoting *Williams*, 355 Wis. 2d 581, ¶40). The *Williams* court merely used that LRB interpretation/analysis as support for its conclusions that "the legislative history affirmatively demonstrates that the legislature … intended" WIS. STAT. § 346.65(2)(am)6. to "require[] [a sentencing] court to impose a bifurcated sentence" and "that 2009 S.B. 66 created mandatory minimum bifurcated sentences for OWI offenses numbering seven or higher." *Williams*, 355 Wis. 2d 581, ¶40. Again, contrary to our representation in *Gramza*, the *Williams* court itself never interpreted § 346.65(2)(am)6. as "requir[ing] a person who commits a seventh, eighth, or ninth OWI-related offense to *serve* a minimum period of confinement [of] three years in prison under a bifurcated sentence" or even embraced the interpretation of the LRB in that regard. *See Williams*, 355 Wis. 2d 581, ¶40 (emphasis added; footnote omitted; citation omitted).

confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years," "require[s]" a defendant to "*serv[e]* the full three year term of initial confinement" is an interpretation that is not context dependent. *See Gramza*, 395 Wis. 2d 215, ¶24 (emphasis added). However, we question the correctness of this interpretation, especially when considering the language of WIS. STAT. § 973.195.

¶14   Again, WIS. STAT. § 973.195(1r)(a) provides that "an inmate who is serving a [bifurcated sentence of confinement and extended supervision] for a crime *other than a Class B felony* may petition the sentencing court to adjust the sentence." (Emphasis added.) The legislature's choice to except only Class B felonies from the applicability of § 973.195 strongly indicates the legislature intended no other exceptions, such as for an OWI-seventh offense, a Class G felony at the time of Joski's offense. Furthermore, the legislature did not employ commonly used language such as "except as otherwise provided by law," which would at least lend some support to a reading of § 973.195 as incorporating the WIS. STAT. § 346.65(2)(am)6. language stating that for a person convicted of OWI seventh, eighth, or ninth, "the confinement portion of the bifurcated sentence imposed on the person shall be not less than 3 years." Sec. 346.65(2)(am)6.

¶15   WISCONSIN STAT. § 346.65(2)(am)6. requires a sentencing court to "impose" a bifurcated sentence with a confinement portion of "not less than 3 years." The sentencing court here adhered to this requirement, imposing a bifurcated sentence on Joski with a confinement portion of three years. Contrary to our statement in *Gramza*, nothing in § 346.65(2)(am)6. indicates the full three years of confinement must be *served* by a defendant sentenced thereunder, especially in light of WIS. STAT. § 973.195, which gives no hint that it does not apply to a sentence imposed under § 346.65(2)(am)6. *See, e.g., State v. Stenklyft*,

8

2005 WI 71, ¶¶50-51, 281 Wis. 2d 484, 697 N.W.2d 769 (lead opinion of three justices) (stating that "once a criminal sentence becomes final, the court's power to *impose* a sentence is at an end" and "§ 973.195 allows the court to grant a reprieve from a sentence already *imposed*." (emphases added)).[5]

¶16 All this said, we are not at liberty to follow a different interpretation of WIS. STAT. § 346.65(2)(am)6. than our interpretation in *Gramza*. *See Cook v. Cook*, 208 Wis. 2d 166, 189-90, 560 N.W.2d 246 (1997) ("[O]nly the supreme court … has the power to overrule, modify, or withdraw language from a published opinion of the court of appeals."). Our interpretation of § 346.65(2)(am)6. in *Gramza* means an inmate sentenced to the mandatory minimum confinement time of three years for an OWI-seventh offense, such as

---

[5] The lead opinion in *Stenklyft* continued:

> [WISCONSIN STAT. §] 973.195 does not affect a [circuit] court's power to fashion a sentence in the first instance. Rather, it establishes the prerequisites to the exercise of the court's discretion when deciding to grant a petition for "sentence adjustment" *after* the court has already imposed a criminal disposition and such disposition has become final. In other words, § 973.195 allows the court to grant reprieve from a sentence already imposed.

*State v. Stenklyft*, 2005 WI 71, ¶51, 281 Wis. 2d 484, 697 N.W.2d 769 (footnote omitted). The lead opinion further stated: "We disagree with Stenklyft that [§] 973.195 represents a 'reactivation' of the court's sentencing powers in the first instance." *Stenklyft*, 281 Wis. 2d 484, ¶51 n.13.

> We again emphasize that the power to grant a petition for sentence adjustment under § 973.195 is a power entirely separate and distinct from the judiciary's inherent power to modify sentences, despite the fact that the end result of the exercise of each power may be similar. Section 973.195 "reflects the legislature's intent to create *a separate and specific statutory procedure for requesting a sentence reduction* …."

*Stenklyft*, 281 Wis. 2d 484, ¶59.

Joski, must "serv[e] the full three year term of initial confinement." *See **Gramza**,* 395 Wis. 2d 215, ¶24.

¶17     Because we are bound to follow ***Gramza***, and are thus not free to follow an interpretation of WIS. STAT. § 346.65(2)(am)6. that we believe to be more correct, we conclude the circuit court erred in granting Joski's petition for sentence adjustment, and we reverse.

> *By the Court.*—Order reversed.

> Recommended for publication in the official reports.